**EMCASCO INSURANCE COMPANY**

v.

**Louis SAMBRICK, Appellant.**

**No. 87–1145.**

United States Court of Appeals, Third Circuit.

Argued Sept. 10, 1987.

Decided Nov. 27, 1987.

Patrick J. Connors (argued), Media, Pa., Austin J. McGreal, Philadelphia, Pa., for appellant.

Joanne S. Faul (argued), James W. Hennessey, Sherr & Zuckerman, P.C., Norristown, Pa., for appellee.

Before SLOVITER and STAPLETON, Circuit Judges, and BROTMAN, District Judge.[*]

## OPINION OF THE COURT

SLOVITER, Circuit Judge.

The issue presented by this appeal is whether the district court's order denying defendant's motion to set aside a default judgment constituted an abuse of discretion. Because the procedure followed in the district court failed to accord with that established by this court, we conclude that the order appealed from must be reversed.

### I.

Appellant Louis Sambrick, who was the defendant in the district court, was sued in separate actions in September, 1986 in Pennsylvania state court by Donna Joann Selvoski and Timothy F. Duggan. Selvoski and Duggan both alleged that they were injured by Sambrick on September 19, 1985, when he, while visibly intoxicated, assaulted them in a bar.

Sambrick carried homeowners insurance with EMCASCO Insurance Company covering, *inter alia,* claims made for bodily injury and the defense of such lawsuits. Excluded from coverage was injury or damage "expected or intended by the insured." App. at 13.

EMCASCO filed a diversity suit in the United States District Court for the Eastern District of Pennsylvania shortly after the *Selvoski* suit was filed seeking a declaratory judgment that the injuries incurred by Selvoski, if proven, were "expected and intended" by Sambrick and therefore excludable from coverage under Sambrick's policy. EMCASCO filed an amended complaint on November 6, 1986, seeking a similar declaration of nonliability as to the claims of Duggan as well.

Even though Sambrick had not yet been served with either the complaint or the amended complaint, District Judge Weiner held a telephone conference on December 1, 1986, with counsel for EMCASCO and Ralph M. Russo, counsel for Selvoski in state court. Russo identified Selvoski as a "proposed intervenor." Shortly after the telephone conference EMCASCO's counsel sent a letter dated December 4, 1986 to the court, with a copy to Russo, which confirmed the following arrangements:

1. "[I]t is [the] responsibility [of EMCASCO's counsel] to serve ... Sambrick ... and file an Affidavit of Service with the Court as soon as service has been effectuated";

2. EMCASCO's attorney "will file the appropriate Motion to bring this matter before the Court for disposition on or before December 30, 1986";

3. EMCASCO's discovery "will be completed by January 30, 1987 and after conclusion of Plaintiff's discovery, the Court will allow any appropriate amendment to whatever Motion has been filed on behalf of the Plaintiff";

4. "Defendant's [Sambrick's] discovery will be completed by February 20, 1987"; and;

5. "The pretrial conference in this matter scheduled for December 5, 1986 ... has been cancelled."

App. at 47.

EMCASCO served Sambrick with its amended complaint on December 2, 1986,

---

[*] Hon. Stanley S. Brotman, United States District Court for the District of New Jersey, sitting by designation.

the day following the telephone conference with the district court in which Sambrick was not represented. Sambrick did not file a timely answer, and on December 31, 1986 EMCASCO filed an affidavit requesting default judgment, which was served on Sambrick. After Russo learned of this requested default from Sambrick, he referred Sambrick to an attorney, Patrick J. Connors. Also, Russo, the attorney for the "proposed intervenor" who had not yet taken any steps to intervene, requested a second telephone conference with the district court. Judge Weiner held such a conference with Russo and counsel for EMCASCO on January 14, 1987, but again without Sambrick or anyone representing him. There is no indication on the record that Sambrick was notified of this conference.

Once again, a letter from EMCASCO's counsel to the district court with a copy to Russo served to confirm the arrangements reached at the January 14 telephone conference. By letter of January 16, 1987, counsel for EMCASCO wrote:

> If no Answer is filed on behalf of Defendant, Louis Sambrick, by January 16, 1987, Your Honor will enter the Order which was filed with the Clerk of the Court on December 31, 1986 entering judgment in favor of Plaintiff, EMCASCO Insurance Company. Mr. Russo, the attorney for Donna Selvoski, will file a Motion for Interpleader if he intends to interplead in this case.
>
> The discovery deadline set down by Your Honor on December 1, 1986 will continue to be in effect.

App. at 48. This letter was not served on Sambrick nor on his attorney Patrick Connors, who had entered his appearance for Sambrick on January 15, 1987.

The district court, by order dated January 16, 1987 (the date of EMCASCO's confirmation letter), which was filed January 20, 1987, entered judgment for EMCASCO against Sambrick, declaring specifically that EMCASCO is not required to indemnify Sambrick for Selvoski's or Duggan's claims; that EMCASCO is not responsible to provide a defense for Sambrick against those claims; and that Selvoski, Duggan, and Sambrick are prohibited and enjoined from garnishing any of EMCASCO's assets as a result of any judgment or award against Sambrick. App. at 42–43.[1]

Sambrick filed a motion on February 3, 1987 to set aside the default judgment together with a proposed answer. The motion was supported by an affidavit of Russo stating: "Mr. Russo's recollection of the conference was that Mr. Patrick Connors was to Enter his Appearance by January 16, 1987, in order to avoid Default Judgment being entered against Defendant, Louis Sambrick. With this understanding, Mr. Connors entered his appearance on January 15, 1987." App. at 46. The district court denied Sambrick's motion to set aside the entry of default judgment, and the matter is before us on Sambrick's appeal.

## II.

■ This court has time and again reiterated that "[i]n exercising our appellate function to determine whether the trial court has abused its discretion in dismissing, or refusing to lift a default, we will be guided by the manner in which the trial court balanced [certain enumerated] factors." *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984). The applicable factors that the district court must consider are: (1) whether lifting the default would prejudice the plaintiff; (2) whether the defendant has a *prima facie* meritorious defense; (3) whether the defaulting defendant's conduct is excusable or culpable; and (4) the effectiveness of alternative sanctions. *See Zawadski De Bueno v. Bueno Castro*, 822 F.2d 416, 419–20 (3d Cir.1987); *Scarborough v. Eubanks*, 747 F.2d 871, 875–78 (3d Cir.1984); *Hritz v. Woma Corp.*, 732 F.2d

---

1. We note that the injunction was entered against two persons, Duggan and Selvoski, who were not named in the lawsuit. In fact, Russo did not move to intervene Selvoski as a party in interest until February 5, 1987, after the court's order was entered. There was no action, informal or otherwise, as to Duggan in this proceeding other than the injunction. In light of our disposition, we need not discuss further the scope of the district court's order.

1178, 1181 (3d Cir.1984); *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194–95 (3d Cir.1984); *In re MacMeekin*, 722 F.2d 32, 35 (3d Cir.1983); *Gross v. Stereo Component Systems, Inc.*, 700 F.2d 120, 122 (3d Cir.1983); *Feliciano v. Reliant Tooling Co., Ltd.*, 691 F.2d 653, 656 (3d Cir.1982); *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir.1982); *Donnelly v. Johns–Manville Sales Corp.*, 677 F.2d 339, 342 (3d Cir.1982).

■ In order that we may properly exercise our function of reviewing for abuse of discretion, we have further required the district court to make explicit findings concerning the factors it must consider in rendering judgment by default or dismissal, or in declining to reopen such judgment. *See Farnese*, 687 F.2d at 765–66; *see also Ali v. Sims*, 788 F.2d 954, 957 (3d Cir.1986); *In re MacMeekin*, 722 F.2d at 34–36; *Madesky v. Campbell*, 705 F.2d 703, 705 (3d Cir.1983); *Donnelly*, 677 F.2d at 341 n. 2; *Quality Prefabrication, Inc. v. Daniel J. Keating Co.*, 675 F.2d 77, 81 (3d Cir.1982); *Harris v. Cuyler*, 664 F.2d 388, 390 (3d Cir.1981).

■ It is patently clear that the district court did not pursue the analysis mandated by our precedent. For example, there was no consideration given to whether Sambrick's proffered answer raised a potentially meritorious defense. In that answer, Sambrick denies that he "expected and intended" the injuries sustained by Selvoski and Duggan within the meaning of his insurance policy, "since [Sambrick's] intoxication precluded him from having the mental state necessary to 'expect or intend' the results of his alleged actions." App. at 51. Although EMCASCO argues that the defense of intoxication will not be sustained by the Pennsylvania courts, it cites no Pennsylvania authority to support its argument. Sambrick, on the other hand, relies on the Pennsylvania Superior Court's opinion in *Nationwide Mutual Insurance Co. v. Hassinger*, 325 Pa.Super. 484, 473 A.2d 171 (1984). In that case, which also involved an action brought by an insurer on a similar policy, the Superior Court approved jury instructions charging that the intoxicants imbibed by the insured were to be considered in determining if he had the ability to formulate an intent, and that if one does not have the ability to formulate an intent, the resulting act is not intentional. The Superior Court commented that the charge was "a fair statement of the law of Pennsylvania." *Id.* at 493, 473 A.2d at 176.

This language used by the Superior Court suggests that the allegations of Sambrick's proffered answer, if established at trial, may constitute a complete defense to the action. *See Poulis*, 747 F.2d at 870. We need not decide the legal issue at this time; it is sufficient that Sambrick's proffered defense is not "facially unmeritorious." *Gross*, 700 F.2d at 123.

Another relevant factor which the district court did not address was whether EMCASCO would be prejudiced if the default judgment were vacated. Sambrick's motion to set aside the default judgment was filed two weeks after its entry. EMCASCO has not argued that it was prejudiced because its ability to pursue the claim has been hindered or that any relevant evidence has been lost. *See Scarborough*, 747 F.2d at 876. As we stated in *Feliciano*, "[d]elay in realizing satisfaction on a claim rarely serves to establish the degree of prejudice sufficient to prevent the opening [of] a default judgment entered at an early stage of the proceeding." 691 F.2d at 656–57.

The only prejudice claimed by EMCASCO arises from the alleged "orchestration" of a common defense in the federal action by Sambrick's counsel and by Russo, Selvoski's counsel, who represent parties who are adverse in the state court proceeding. EMCASCO alleges that Russo arranged both telephone conferences with the court, procured Connors as counsel for Sambrick, and in general was in collusion with Sambrick's counsel to EMCASCO's detriment.

We do not decide whether such a joint undertaking, if proven, would warrant some action by the district court. The relevant inquiry is whether Sambrick's delay in answering the complaint caused EMCASCO any prejudice. It is evident that coop-

eration between the adverse parties in the state suit is not prejudice arising from the delay, and is thus irrelevant to the question of whether to vacate the default judgment.

The one enumerated factor that the district court did consider was the culpability for the default. In assessing the reasons for Sambrick's default, the district court stated:

A review of this action can lead only to the conclusion that defendant Sambrick had little interest in defending it, and it was Russo who actually attempted to have a defense offered for Sambrick.

The court wanted a prompt answer filed so that the case could proceed without any further delay.... The defendant failed to obey this court's order and we deny his motion.

App. at 61–62.

The only "court's order" to which the district court could have been referring was its January 14 directive that Sambrick file an answer by January 16. However, it is difficult to fault Sambrick for failing to take advantage of the two-day grace period. Sambrick was not notified of the conference at which this "order" was given, and his counsel was told that the court had directed only an entry of appearance, app. at 46, which was indeed filed within the two-day grace period.

We do not condone Sambrick's failure to file an answer for more than six weeks after it was due. Nothing on this record suggests that this neglect was excusable. Nevertheless, his conduct did not evince "flagrant bad faith." *See National Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S.Ct. 2778, 2781, 49 L.Ed. 2d 747 (1976) (sanction appropriate in order to deter parties' " 'flagrant bad faith' and their counsel's 'callous disregard' of their responsibilities"); *Zawadski De Bueno*, 822 F.2d at 421 ("deliberate trial strategy"); *Wells v. Rockefeller*, 728 F.2d 209, 214 (3d Cir.1984), *cert. denied*, 471 U.S. 1107, 105 S.Ct. 2343, 85 L.Ed.2d 858 (1985) (defendant deliberately chose to default). His conduct, when evaluated in conjunction with the other relevant factors and our repeated admonition that "[d]ismissal must

be a sanction of last, not first, resort," *Carter v. Albert Einstein Medical Center*, 804 F. 805, 807 (3d Cir.1986) (quoting *Poulis*, 747 F.2d at 869), leads to the inescapable conclusion that Sambrick's delinquency did not warrant the "extreme" action of refusal to vacate the default judgment. *Poulis*, 747 F.2d at 867.

The district court's opinion makes clear that it believed that the "harsh sanction" of dismissal was "necessary" because the court was angry at the actions of Russo, whom it vigorously criticized for "produc[ing] and direct[ing]" the entire "scenario." App. at 60. The sanction, however, was directed at Sambrick, not Russo, and Russo did not represent Sambrick. EMCASCO's statement that "Sambrick's interests had been represented by counsel for the 'Proposed Intervenor', Ralph Russo," Appellee's brief at 22, is not supported by the record. While the district court was undoubtedly correct in recognizing that Russo wanted "to have a deep pocket available, namely Emcasco Insurance Company, in the event he prevails in his suit by Selvoski against Sambrick in state court," app. at 61, Russo's actions cannot provide a legitimate basis for a sanction against Sambrick.

The district court suggested that it was concerned with judicial efficiency. The result of its rush to judgment has been that the proceedings on the merits have been delayed almost a year while counsel and this court have been required to consider an order that was entered in disregard of this court's binding precedent on dismissals and opening of default judgments.

### III.

After examination of the record, we are satisfied that the district court abused its discretion in refusing to set aside the entry of default judgment. Under the circumstances of this case, we believe it would be most expedient to have the parties proceed on the merits without further effort devoted to fixing appropriate sanctions. The district court's order will therefore be reversed and the case remanded with directions to the district court to permit the

filing of Sambrick's proffered answer and for further proceedings. Each party to bear its own costs.