**EAST COAST EXPRESS, INC., Plaintiff,**

v.

**RUBY, INC., et al., Defendants.**

**No. 94–CV–7433.**

United States District Court,
E.D. Pennsylvania.

June 1, 1995.

Melvin T. Sharpe, Jr., Philadelphia, PA, for plaintiff.

Paul R. Brady, III, Marshall, Dennehey, Warner, Coleman and Goggin, Philadelphia, PA, for defendants.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

This diversity case has been brought before the Court by motion of Defendant Interscope Records, Inc. ("Interscope"), which has filed a motion pursuant to Fed.R.Civ.P. 55(c) seeking to set aside the entry of default judgment. For the reasons that follow, Interscope's motion will be granted.

## I. BACKGROUND

The plaintiff in this case is East Coast Express, Inc. ("East Coast"), a Pennsylvania company engaged in the business of promoting concert tours. According to the complaint, East Coast entered into a series of contracts concerning the G–Funk Era Tour featuring Defendant Calvin Broadus, the controversial rap music performer known to fans as "Snoop Doggy Dogg." On September 21, 1994, Mr. Broadus canceled the tour, including the dates that East Coast had purchased. As a result of the tour's cancellation, East Coast brought this lawsuit, in which it sets forth causes of action in breach of contract, negligence, and tortious interference with contractual relations. East Coast attempted

service on the defendants on December 16, 1995 via certified mail. An Interscope employee signed the certified mail receipt, but the Notice and Acknowledgment form was not executed. Moreover, Interscope did not file an answer to the complaint, assuming that the suit would be dropped. None of the other defendants has answered or otherwise pleaded. Thus, this Court entered an order of judgment by default against all of the defendants on March 16, 1995. Interscope now brings this motion, in which it asks the Court to vacate the default judgment order as to it.

## II. DISCUSSION

### A. Rule 55(c) Standard

■ Under Rule 55(c), a default judgment order can be set aside in accordance with the standard set forth in Rule 60(b), which allows the court to relieve a party from final judgment for, among other reasons, "mistake, inadvertence, surprise, or excusable neglect." Fed.R.Civ.P. 60(b)(1). The decision to open a default judgment is left to the discretion of the district court. *Harad v. Aetna Casualty & Surety Co.*, 839 F.2d 979, 982 (3d Cir.1988). Doubtful cases should be decided in favor of setting aside the entry of default judgment so that they may be decided on their merits. *Id.* A court is to consider the following factors in determining whether to set aside a default judgment order under Rule 60(b): (1) whether the defendant has a meritorious defense to the claim; (2) whether setting aside the default would prejudice the plaintiff; (3) the culpability of defendant's conduct; and (4) the effectiveness of alternative sanctions. *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73 (3d Cir. 1987); *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir.1984).

### B. Analysis

#### 1. Meritorious Defense

■ A defendant moving to set aside a default judgment must establish a meritorious defense; otherwise, if the defendant has no chance of prevailing, there is no need to set aside the judgment. *Id.* A meritorious defense is established if the defendant's allegations would be a complete defense to the action if established at trial. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir.1984). The defendant must allege "specific facts beyond simple denials or conclusionary statements" in order to establish a meritorious defense. *$55,518.05 in U.S. Currency*, 728 F.2d at 195. Boiled to its essence, this factor militates in favor of vacating the default judgment order as long as the defense is not "facially unmeritorious." *Gross v. Stereo Component Systems, Inc.*, 700 F.2d 120, 123 (3d Cir.1983).

■ Interscope claims that it has a meritorious defense to the allegations in that it is a record distributor with no involvement in either setting up or canceling Mr. Broadus's tours, and indeed has no contractual relationship with East Coast. In addition, Interscope claims that East Coast has not made any clear allegations against it in the complaint. To support its defense, Interscope has submitted an affidavit in which its counsel avers that it had no contractual relationship with East Coast and had no relationship to the concert tour at issue. If Interscope is able to prove these assertions at trial, it would have a complete defense to East Coast's claims. Accordingly, we conclude that Interscope has established a meritorious defense for the purposes of setting aside the default judgment.

#### 2. Prejudice

■ A plaintiff suffers prejudice if the vacating of the default judgment order results in the loss of evidence or the impairment of the plaintiff's ability to pursue the claim. *Emcasco*, 834 F.2d at 74. The fact that the closure of the litigation would be delayed is not enough to show prejudice. *Id.* East Coast argues that it will be prejudiced if the default judgment is set aside "because the Plaintiff has a multiparty claim which it has to attempt to collect against several Defendants who have chosen not to answer the complaint timely and has caused Plaintiff great expense." Plaintiff's Memo. at 3. We construe this argument as an assertion that East Coast will be forced to proceed on the merits, at a greater cost, if the instant motion is granted. As we noted above, howev-

**40**

er, neither the difficulty of the case nor the additional costs to the plaintiff constitute prejudice for purposes of a Rule 60(b) motion. Moreover, we note that the instant motion applies only to Interscope, and not to any of the other defendants. Thus, the order granting judgment to East Coast is still in effect with respect to the remaining defendants, so little detriment will befall it should the default judgment order against Interscope be set aside. Thus, the absence of prejudice weighs in favor of setting aside the default judgment.

### 3. *Defendants' Culpability*

 The standard for culpability is willfulness or bad faith on the part of the defendant. *Hritz,* 732 F.2d at 1182. More than mere negligence is required; reckless or intentional disregard for communications from the plaintiff or the court must be exhibited by the defendant. *Id.* at 1183. In *Emcasco,* for example, the defendant failed to file an answer for six weeks after the date it was due. In setting aside the default judgment order, the court concluded that such behavior may have been negligent, but not evidence of the "flagrant bad faith" required to sustain the default judgment order. *Emcasco,* 834 F.2d at 75.

There is no evidence of bad faith in the present case. A letter accompanying a copy of the complaint, and signed by East Coast's counsel, stated that "if [the defendant] refuse[s] to accept service ... [the plaintiff] will have to resort to alternative means to effect service under state and/or federal law." Interscope's counsel mistakenly interpreted this statement as a concession that the method of service was somehow unofficial, and that "proper" service would be effected in some other way. Thus, Interscope contends that the failure to answer was not an attempt to avoid litigation, but resulted from a misunderstanding as to the means by which proper service is achieved. While Interscope's actions may reflect a certain ignorance as to means by which litigation is commenced, they cannot be characterized as a willful attempt to evade service. Therefore, we find that Interscope is not culpable.

### 4. *Alternative Sanctions*

We have in the past imposed an alternative sanction to compensate the plaintiff for their costs in defending against a motion to set aside the default judgment and to deter a defendant from failing to answer in the future. *Foy v. Dicks,* 146 F.R.D. 113, 117 (E.D.Pa.1993). Given that there is no evidence of bad faith or willful behavior on the part of Interscope Records, however, it would not be appropriate to impose upon it some punitive sanction. Moreover, since Interscope has demonstrated a clear entitlement to Rule 60(b) relief, we conclude that no alternative sanction is warranted. Accordingly, our order vacating the default judgment order will not impose some alternative sanction.

### III. *CONCLUSION*

For the reasons set forth above, Interscope's motion to vacate the default judgment order will be granted. An appropriate order follows.

### *ORDER*

AND NOW, this 1st day of June, 1995, upon consideration of Defendant Interscope Records, Inc.'s Motion to Set Aside Default Judgment, and the response thereto, it is hereby ORDERED, for reasons set forth in the preceding memorandum, that said Motion is GRANTED. The Default Judgment Order of March 16, 1995 is hereby VACATED as to Defendant Interscope Records, Inc.