

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-25-2003

# M. v. Luzerne Intermediate

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-3717

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"M. v. Luzerne Intermediate" (2003). *2003 Decisions*. Paper 343.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/343

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 02-3717
_____

KELLY M.; MICHELLE M.;
HARRY O.

v.

LUZERNE INTERMEDIATE UNIT;
KEVIN O'CONNOR, Individually
and in his capacity as the
executive director of the Luzerne
Intermediate Unit.; LEONARD
JERRYTONE; SANDY OSTROSKI


Leonard Jerrytone,

Appellant

_____

Appeal from the United States District Court
For the Middle District of Pennsylvania
D.C. No. 3: CV-00-0761
District Judge: Honorable A. Richard Caputo
_____

Submitted Under Third Circuit LAR 34.1(a) July 15, 2003

Before: McKEE, BARRY, and ROSENN, Circuit Judges.

(Filed July 25, 2003 )

_____

OPINION OF THE COURT
_____

ROSENN, Circuit Judge.

This appeal involves a default judgment entered in the United Stated District Court for the Middle District of Pennsylvania against Leonard Jerrytone, a teacher in the Luzerne Intermediate Unit, Luzerne County, Pennsylvania. Plaintiffs sued Jerrytone alleging that he sexually harassed Kelly M., one of his students.  On March 27, 2001, the District Court entered judgment in favor of plaintiffs against Jerrytone in the amount of $40,000. See Fed. R. Civ. P. 55. On April 6, 2001, defendant filed a Motion to Open and/or Strike Default Judgment, Motion for a New Trial or in the Alternative for Judgment Notwithstanding the Verdict. The District Court heard the motion on October 15, 2001, took testimony, and denied the motion by order dated November 26, 2001. Defendant timely appealed. We affirm.[1]

I.

Plaintiffs properly mailed Jerrytone a summons and complaint on May 8, 2000, but he did not accept informal service. Then, plaintiffs formally served him with the complaint on August 8, 2000. He failed to respond. On October 26, 2000, counsel for plaintiffs mailed a letter to Jerrytone's residence informing him of counsel's intention to

---

[1]The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(4). The District Court's order dated November 26, 2001 is a final order for the purposes of 28 U.S.C. § 1291.

enter a default judgment against him and that a pretrial conference had been scheduled for October 31, 2000 at 10:30 a.m. On November 30, 2000, plaintiffs mailed to Jerrytone their motion for entry of default against him. On December 5, 2000, the clerk entered a default against Jerrytone. On December 12, 2000, Jerrytone wrote a letter to the District Court stating inter alia that the attorney he believed to have been representing him, Frank Mazzeo,[2] had informed him that he was only representing him in the criminal proceedings. (A 27-28.) Jerrytone also wrote in the letter that he needed legal assistance and wanted to appeal the entry of default against him.[3] Judge A. Richard Caputo promptly responded in writing that he could not give legal advice and that Jerrytone should "contact counsel for any legal assistance you believe you require." (A 31.)

Jerrytone averred that, in response to Judge Caputo's letter, he "took it up with Mr. Mazzeo at that time" and "[Mazzeo] said he would take care of it." (A 65). Jerrytone later testified that he had been mistaken when he wrote to Judge Caputo on December 12, 2000 that Mazzeo was only handling the criminal matter. (A 71-72.) In fact, Mazzeo was Jerrytone's lawyer in the civil suit from its inception until January 18, 2002.

On January 9, 2001, plaintiffs filed a motion for default judgment and served it upon Jerrytone. On January 18, 2001, the District Court granted the motion for default

---

[2]Mazzeo is also Jerrytone's cousin. (A 68.)

[3]Jerrytone later averred that his December 12, 2000 letter to the court was an effort to cover himself in case Mazzeo did not take care of the default. He wanted the court to know that if the hearing went against him on the default because Mazzeo was not there, he wanted to appeal. (A 71.)

judgment and scheduled a hearing on the amount of the judgment for February 26, 2001. Jerrytone was served with the order. According to Jerrytone's later testimony, he retained Attorney Loftus on or before January 28, 2001. (A 71.)[4]

Weighing the equities on a motion to vacate a default judgment and the need to finally resolve controversies does not lend itself to a rigid formula or per se rule. Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir. 1984). However, we generally disfavor default judgments and resolve doubts as to whether a default judgment should be set aside in favor of resolving the matter on the merits. See Zawadski de Bueno v. Bueno Castro, 822 F.2d 416, 420 (3d Cir. 1987). Several considerations go into this decision. First, whether lifting the default judgment will prejudice the plaintiff. Second, whether the defendant has a prima facie meritorious defense. Third, whether the defaulting defendant's conduct is excusable or culpable. Fourth, whether alternative sanctions would be effective. See Emansco Ins. Co. v. Sambrick, 834 F.2d 71, 73-74 (3d Cir. 1987).[5]

There is no prejudice in this case. As the District Court accurately explained, the emotional strain of litigating an action on the merits is not the kind of prejudice towards

---

[4]Peter Loftus did not enter a formal appearance on behalf of Jerrytone until April 6, 2001.  Jerrytone delivered a check in the amount of $5000 to Loftus sometime in April, 2001. Defendant now disputes his own testimony that he hired Loftus on January 28, 2001. (A 71.) The District Court did not err in crediting Jerrytone's uncontradicted sworn testimony, rather than Loftus' subsequent unsupported arguments. (Dist. Ct. op. at 7-8.)

[5]A District Court must make explicit findings concerning the factors it considered in rendering the default judgment. Emansco, 834 F.2d at 74. Here, the District Court has amply met this requirement.

4

which our jurisprudence is directed. (Dist. Ct. op. at 4-5.) Likewise, Jerrytone cursorily claims that he has a meritorious defense, although he has not filed an answer to the complaint or tendered one in his petition to set aside the default judgment. If proven, Jerrytone's claims of actual innocence would have precluded recovery by the plaintiffs.

Jerrytone's conduct in failing to respond to the several personal notices he received from plaintiffs' counsel or to appear at several hearings was culpable. Neither Jerrytone nor his attorney appeared at the February 26, 2001 hearing. His December 12, 2000 letter does not excuse his absence for two reasons. First, at that time, he was represented by counsel. (A 71.) As the District Court found, there is no reason why Loftus could not have appeared with Jerrytone at the February 26, 2001 hearing or sought to reopen the judgment sooner. (Dist. Ct. op. at 7.) Second, Jerrytone was a school teacher, not an illiterate dunce. Even if he had been pro se on February 26, 2001, he was properly served with notice of the hearing and thus had the opportunity to appear on his own behalf. (Dist. Ct. op. at 3.) Either way, his absence is culpable rather than excusable. Plaintiffs presented testimonial evidence at the February 26, 2001 hearing. Obviously, defendant did not present any evidence on his own behalf. The entire record of this case, including defendant's own sworn testimony, belies his arguments on appeal.[6]

II.

---

[6]Applying the fourth prong of the Emansco test, we do not conclude that alternative sanctions would be preferable to affirming the denial of the motion to reopen and/or strike the default judgment.

5

The District Court's order dated November 26, 2001 denying appellant's motion to open and/or strike default judgment, motion for a new trial or in the alternative for judgment notwithstanding the verdict is hereby affirmed. Costs taxed against the appellant.

TO THE CLERK:

Please file the foregoing opinion.

/s/ Max Rosenn
Circuit Judge