**Ronald MISTURAK, Jr., Appellant,**

v.

**McCREA, c/o; Fareed, c/o; Eisenhuth, c/o; Doris M. Frick, Ms.; Andrew B. Roberts, M.D.; James Janecka; Bush, Assistant Warden, and He or She is the Wackenhut Corrections Corp.; George W. Hill Correctional Facility, that Privately Runs the Institution; the President of it All; Perry, c/o.**

No. 03–2228.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Jan. 5, 2004.

Decided Jan. 6, 2004.

Ronald Misturak, Jr., pro se, Philadelphia, PA, for Appellant.

Robert M. Diorio, Kathleen E. Mahoney, Diorio & Sereni, Media, PA, for Appellees.

Before SLOVITER, NYGAARD and CHERTOFF, Circuit Judges.

## OPINION

PER CURIAM.

This appeal stems from the dismissal of Ronald Misturak's civil rights suit. Misturak's case was dismissed as a sanction for his failure to comply with the District Court's scheduling order by not appearing at the pretrial conference and by not submitting a pretrial memorandum. At the pretrial conference, the defendants made an oral motion to dismiss as a sanction pursuant to Rule 16(f) of the Federal Rules of Civil Procedure. The District Court granted the motion and dismissed the complaint with prejudice.

We review for abuse of discretion a District Court's dismissal of an action for failure to comply with its orders. *See Emerson v. Thiel College,* 296 F.3d 184, 190 (3d Cir.2002). Although we defer to the District Court's discretion, dismissal is appropriate only in "limited circumstances and doubts should be resolved in favor of reaching a decision on the merits." *Id.* This Court's approach to sanctions emphasizes that "dismissal is a drastic sanction and should be reserved for those cases where there is a clear record of delay or contumacious conduct by the plaintiff." *Donnelly v. Johns-Manville Sales Corp.,* 677 F.2d 339, 342 (3d Cir.1982).

Before dismissing an action the District Court is required to make explicit findings regarding the factors enumerated in *Poulis v. State Farm Fire & Casualty Co.,* 747 F.2d 863 (3d Cir.1984). *See Emcasco Ins. Co. v. Sambrick,* 834 F.2d 71, 74 (3d Cir. 1987). The *Poulis* factors the District Court must consider are: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders ...; (3) a history of dilatoriness; (4) whether the conduct of the party ... was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim." *Poulis,* 747 F.2d at 868. This Court's function is to determine whether the District Court properly balanced the *Poulis* factors and whether the record supports its findings. *Livera v. First Nat. State Bank of New Jersey,* 879 F.2d 1186, 1194 (3d Cir.1989)(citing *Hicks v. Feeney,* 850 F.2d 152 (3d Cir.1988)).

In dismissing the complaint, the District Court did not conduct any *Poulis* analysis. We conclude that the District Court erred in dismissing Misturak's complaint without making the requisite findings. *Livera,* 879 F.2d at 1193. Given the record presented,[1] we will not conduct our own *Poulis* test as it would require factual findings not within the parameters of our review. *See id.* at 1194.

---

1. Neither party has presented this Court with its position concerning the application of the *Poulis* factors.

By failing to conduct a *Poulis* balancing test, the District Court abused its discretion thereby necessitating a remand to the District Court for consideration of the *Poulis* factors. *See id.* at 1188. Accordingly, we will vacate the District Court's order entered April 14, 2003 and remand the case to the District Court for further proceedings.