

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-6-2005

# Corron v. Kent Gen Hosp

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2161

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Corron v. Kent Gen Hosp" (2005). *2005 Decisions.* Paper 156.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/156

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DPS-343                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-2161
_____

PAMELA ERIKA CORRON,
                                                                    Appellant

v.

KENT GENERAL HOSPITAL
_____

On Appeal From the United States District Court
For the District of Delaware
(D.C. Civ. No. 02-cv-00180)
Chief Judge: Honorable Sue L. Robinson
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
August 18, 2005

Before:   ROTH, BARRY and SMITH, Circuit Judges

(Filed December 6, 2005)
_____

OPINION
_____

PER CURIAM

        Pamela Corron, proceeding pro se, appeals the March 22, 2005 order of the United

States District Court for the District of Delaware dismissing her civil rights complaint

with prejudice for failure to prosecute or to comply with its orders pursuant to Federal

Rule of Civil Procedure 41(b).  We review such an order for abuse of discretion.

Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002). "While we defer to the District Court's discretion, dismissal with prejudice is only appropriate in limited circumstances and doubts should be resolved in favor of reaching a decision on the merits." Id. We have emphasized that "dismissal is a drastic sanction and should be reserved for those cases where there is a clear record of delay or contumacious conduct by the plaintiff." Donnelly v. Johns-Manville Sales Corp., 677 F.2d 339, 342 (3d Cir. 1982).

Before dismissing an action, the District Court is required to make explicit findings regarding the factors enumerated in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 869 (3d Cir. 1984). See Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir. 1987); see also United States v. $8,221,877.16 in U.S. Currency, 330 F.3d 141, 161 (3d Cir. 2003) ("We have opined that [the Poulis factors] must be weighed by a District Court in determining whether the harsh sanction of dismissal is justified"). The Poulis factors that the District Court must consider are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders . . .; (3) a history of dilatoriness; (4) whether the conduct of the party . . . was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim.

Poulis, 747 F.2d at 868.

This Court's function is to determine whether the District Court properly balanced the Poulis factors and whether the record supports its findings. Livera v. First Nat. State Bank of New Jersey, 879 F.2d 1186, 1194 (3d Cir. 1989) (citing Hicks v. Feeney, 850

2

F.2d 152 (3d Cir.1988)); see also Emcasco, 834 F.2d at 73-74 (noting that "[i]n order that we may properly exercise our function of reviewing for abuse of discretion, we have [] required the district court to make explicit findings concerning the factors it must consider in rendering judgment by . . . dismissal"). Here, however, the District Court did not conduct any Poulis analysis. We thus conclude that the District Court erred in dismissing Corron's complaint without making the requisite findings. Livera, 879 F.2d at 1193. Moreover, given the record presented, we will forego the opportunity to conduct our own Poulis test as it would require factual findings not within the parameters of our review. See id. at 1194.

By failing to conduct a Poulis balancing test, the District Court abused its discretion; therefore, a remand to the District Court for consideration of the Poulis factors is necessary. See id. at 1188. Accordingly, we will summarily vacate the District Court's order entered March 22, 2005 and remand the case to the District Court for further proceedings.