

Villanova University School of Law Digital Repository

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-22-2009

# Bruce Buccolo v. Thomas Orr

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1215

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Bruce Buccolo v. Thomas Orr" (2009). *2009 Decisions.* Paper 1999.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1999

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-68 NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-1215
_____

IN RE:  LORI BUCCOLO

THOMAS J. ORR

v.

BRUCE BUCCOLO,
                                        APPELLANT


On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 07-cv-03543)
District Judge:  Honorable Mary L. Cooper
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 24, 2008

Before: SLOVITER, FUENTES and JORDAN, Circuit Judges

(Opinion filed: January 22, 2009
_____

OPINION
_____


PER CURIAM

As the parties are familiar with the facts of this case, we will describe its details

only as necessary. In short, Bruce Buccolo appeals from an order dismissing, for failure to prosecute, his appeal in the District Court of two decisions in an adversary action related to his wife's bankruptcy case. In the adversary action to evict Buccolo from a home titled in his wife's name alone, his wife's trustee in bankruptcy won a default judgment; Buccolo failed in his bid to file an answer out of time.

We review a dismissal for failure to prosecute for abuse of discretion through the lens of the Poulis factors, asking also whether the District Court should have considered a less severe sanction. See In re Jewelcor Inc., 11 F.3d 394, 397 (3d Cir. 1993). Specifically, we consider the District Court's balancing of "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party . . . was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002) (citing Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984)). On consideration of these factors, we conclude that Buccolo's appeal is without merit, and dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

Buccolo proceeded pro se, so the responsibility for any failure to prosecute falls on him. See Emerson, 296 F.3d at 190. Buccolo's adversary was prejudiced in that delay in that the appeal in District Court protracted the underlying bankruptcy proceedings. Also,

2

in the appeal, the District Court had prima facie evidence of dilatory tactics. Buccolo did not comply with the Bankruptcy Rules for filing a brief within 15 days of the docketing of his appeal, see Fed. R. Bankr. P. 8009(a)(1), or for providing for the transcript of the Bankruptcy Court proceedings, see Fed. R. Bankr. P. 8006. Either of these violations is grounds for dismissal under Bankruptcy Rule 8001. The District Court may have overstated Buccolo's history of dilatory behavior by citing his failure to answer the complaint in the underlying adversary proceeding. Whether he should have answered the complaint sooner (including questions of service and his counsel's role in the failure to respond) or whether he should have been provided with his requested extension of time were considerations "relevant only when the [D]istrict [C]ourt consider[ed] the appeal on the merits," not when it ruled on whether Buccolo had failed to prosecute his appeal. In re Jewelcor Inc., 11 F.3d at 399. However, the District Court also determined that Buccolo willfully introduced the delays before it because he was able to promptly respond to the District Court's order to show cause why the appeal should not be dismissed for failure to prosecute. The District Court also concluded that a lesser sanction would not be effective because the trustee would not be able to "proceed with the adversary proceeding and the bankruptcy case."

In evaluating the merits, the District Court stated that the Bankruptcy Court did not err in denying Buccolo's request to file his answer more than five months after the complaint was filed. There appears to have been some confusion about issues of service

3

in the Bankruptcy Court and whether it was Buccolo or his counsel who acted improperly in failing to file an answer in response to the complaint. Compare NHL v. Metro. Hockey Club, 427 U.S. 639, 642 (1976) and Zawadski De Bueno v. Bueno Castro, 822 F.2d 416, 421 (3d Cir. 1987) with Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 75 (3d Cir. 1987). However, in considering whether to enter default judgment and disallow the out-of-time answer, the Bankruptcy Court also concluded that the trustee was entitled to a final judgment of possession for the "same reason . . . expressed previously as to why the trustee was entitled to [a] preliminary order." Transcript from hearing held 6/25/07, 16. That reason, which Buccolo contested on various grounds in his brief in the District Court (along with his arguments relating to his counsel's culpability),[1] appears unassailable.

Nonetheless, even if the consideration of the merits of Buccolo's claim or defense does not tip the scales for or against dismissal, it cannot be said that the District Court abused its discretion in concluding that on balance, dismissal was warranted.[2] See Curtis T. Bedwell & Sons, Inc. v. Int'l Fidelity Ins. Co., 843 F.2d 683, 696 (3d Cir. 1988) (holding that not all Poulis factors must weigh in favor of dismissal). Accordingly, we dismiss this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).

---

[1]Ordinarily, "[a] claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." Poulis, 747 F.2d at 869-70. As Buccolo filed an appeal in the District Court, not a complaint, we consider the arguments in his brief instead.

[2]In coming to this conclusion, we have considered the five-page argument we invited Buccolo to submit as well as the subsequent unbidden filings by the parties.