

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-6-2009

# Miles v. Aramark Corr Ser

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3622

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

## Recommended Citation

"Miles v. Aramark Corr Ser" (2009). *2009 Decisions.* Paper 1586.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1586

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3622
_____

MICKEY MILES,
Appellant

v.

ARAMARK CORRECTIONAL SERVICE, INC.;
INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITY AS
FOOD SERVICE PROVIDER FOR CURRAN-FROMHOLD CORRECTIONAL
FACILITY OF THE PHILADELPHIA PRISON SYSTEM; AL WHITE, SUPERVISOR,
INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS AN EMPLOYEE OF ARAMARK;
MAKEBA, SUPERVISOR, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY
AS AN EMPLOYEE OF ARAMARK; FAIRFAX, SUPERVISOR, INDIVIDUALLY AND
IN HER OFFICIAL CAPACITY AS AN EMPLOYEE OF ARAMARK; JOHN
TAYLOR, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS AN
EMPLOYEE OF ARAMARK; CELESTE, SUPERVISOR, INDIVIDUALLY AND
IN HER OFFICIAL CAPACITY AS AN EMPLOYEE OF ARAMARK; WENDELL
DOE, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS AN
EMPLOYEE OF ARAMARK; MS. K. BROWN, SUPERVISOR, INDIVIDUALLY AND
IN HER OFFICIAL CAPACITY AS AN EMPLOYEE OF ARAMARK; MR. KINSEY,
INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS AN EMPLOYEE OF
ARAMARK; MS. R. SHAW, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY
AS AN EMPLOYEE OF ARAMARK

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 06-cv-1759)
District Judge:  Honorable Stewart Dalzell

_____
Submitted Pursuant to Third Circuit LAR 34.1(a)
APRIL 3, 2009
Before:  SLOVITER, AMBRO AND STAPLETON, <u>Circuit</u> <u>Judges</u>

(filed: April 6, 2009)

_____

OPINION

_____

PER CURIAM

Mickey Miles appeals, pro se, from an order of the District Court dismissing his complaint alleging that Aramark Correctional Services, Inc. and nine of its employees (collectively "Aramark") failed to provide proper Kosher meal service during the 2006 and 2007 Passover holidays. For the reasons that follow, we will affirm.

I.

In June 2006, Miles filed a pro se complaint alleging that Aramark failed to provide him with Kosher food during the 2006 Passover holiday. On October 10, because Aramark had yet to reply to the complaint, the Clerk of the Court entered default judgment in Miles' favor pursuant to Fed. R. Civ. P. 55(a). After Aramark filed an answer, it moved to set aside the default judgment pursuant to Fed. R. Civ. P. 55(c) and 60(b). The District Court granted the motion and appointed Miles counsel. Miles then moved for entry of a consent order requiring Aramark to serve him Kosher meals throughout the 2007 Passover holiday. Aramark agreed to the order. Three days later, on March 23, 2007, Miles changed his mind and moved for withdrawal of the consent order. On March 28, 2007, the District Court denied Miles' March 23 motion and entered a consent order requiring Aramark to "take all necessary steps" to provide Miles with 25 "exclusively" Kosher meals from April 2, 2007, to April 10, 2007. The order stipulated

2

that if the meals were not provided Miles' counsel would seek a telephone conference with the Court. The order also stated that, assuming Aramark provided the Kosher meals, Miles would seek dismissal of the case within 10 days after the end of the Passover holiday, or by April 20, 2007.

During the Passover holiday, via telephone conference, Miles' counsel reported that Aramark had served Miles non-Kosher items, specifically bread, margarine, fruit drink, and iced tea with corn syrup. Aramark's counsel conceded that, on the first full day of Passover, Aramark mistakenly served Miles a plastic-wrapped piece of bread on his food tray. Aramark also explained that it could not purchase Kosher margarine because it did not meet the universal menu requirements prescribed in Aramark's contract with the City of Philadelphia. As to beverages, Aramark stated that Miles has refused milk that was in fact Kosher, and that Aramark would provide Kosher orange juice. Miles stated that he refused the milk because it was not marked Kosher, Kosher-Dairy, or Kosher for Passover.

Aramark maintained a log that documented the meals it served to Miles during Passover. The log, which bears Miles' signatures acknowledging his receipt of the meals, as well as his refusal of certain items because he deemed them non-Kosher, confirms the representations his counsel made during the telephone conference call.

After the holiday passed, and Miles did not move to dismiss the complaint, the Court asked both parties to advise it whether to enter a dismissal order pursuant to E.D.

Pa. R. 41.1(b).[1] While Aramark admitted to serving some non-Kosher items to Miles in the early days of Passover, it asserted that the vast majority of foods served complied with the consent order. Aramark submitted evidence that the dairy products and iced tea it served to Miles were Kosher. Miles objected to the application of the substantial performance doctrine to the violation of a federal court order. Miles further argued that, even if it was proper to interpret the order under contract law, the "clear and unambiguous" terms of the contract militated against dismissing the complaint. On August 17, 2007, the District Court, applying the equitable doctrine of substantial performance, determined that Aramark was entitled to the benefit of the consent order, and the District Court entered judgment in favor of the defendants. Miles filed a timely notice of appeal challenging the District Court's November 13, 2006 order setting aside default judgment, the March 28, 2007 order entering the consent order and denying his motion to withdraw the consent order, and the August 17, 2007 order entering judgment for Aramark.

## II.

We have jurisdiction over the final order of the District Court under 28 U.S.C. § 1291. With one exception, which does not apply here, we review a District Court's order setting aside a default judgment under an abuse of discretion standard. See Budget

---

[1] Rule 41.1(b) states in relevant part that: "Whenever in any civil action counsel shall notify the Clerk or the judge to whom the action is assigned that the issues between the parties have been settled, the Clerk shall, upon order of the judge to whom the case is assigned, enter an order dismissing the action with prejudice . . . ."

Blinds, Inc. v. White, 536 F.3d 244, 251 (3d Cir. 2008). We review the District Court's interpretation of the consent decree de novo. See Holland v. N.J. Dep't of Corr., 246 F.3d 267, 278 (3d Cir. 2001). Consent decrees are analogous to contracts, and thus "we interpret them with reference to traditional principles of contract interpretation." United States v. New Jersey, 194 F.3d 426, 430 (3d Cir. 1999).

We find that the District Court acted within its discretion by vacating the default judgment the Clerk entered against Aramark. The Court's reinstatement of the case adheres to our long standing preference "that cases be disposed of on the merits whenever practicable." Hritz v. Woma Corp., 732 F.2d 1178, 1180-81 (3d Cir. 1984). Here, in revoking the default judgment, the Court properly balanced the applicable factors: (1) whether lifting the judgment prejudiced Miles; (2) whether Aramark had a prima facie meritorious defense; (3) whether Aramark's defaulting conduct was excusable or culpable; and (4) the effectiveness of alternative sanctions. Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 73 (3d Cir. 1987). We concur with the District Court that Aramark had a prima facie defense (that it was not a state actor) and the delay was caused by excusable neglect rather than bad faith.

We also agree with the District Court's holding that Aramark substantially performed its obligations under the consent order. Under the theory of substantial performance, "a technical breach of the terms of a contract is excused, not because compliance with the terms is objectively impossible, but because actual performance is so

5

similar to the required performance that any breach that may have been committed is immaterial." 15 Williston on Contracts § 44:52 (4th ed. 2008); <u>see</u> <u>also</u> <u>Atlantic LB, Inc.</u> <u>v. Vrbicek</u>, 905 A.2d 552, 558 (Pa. Super. Ct. 2006) ("The doctrine [of substantial performance] is intended for the protection and relief of those who have faithfully and honestly endeavored to perform their contracts in all material and substantial particulars." (internal quotations omitted)).

Here, a review of the meal log indicates that, after the first day of Passover, Miles refused only milk, tea, and condiments. Thus, at a minimum, Miles was served 23 out of 25 meals required under the consent decree. Aramark also introduced evidence showing that the juice, milk, and tea were certified Kosher while Miles counters only with his own allegation that the food logs were forged and that the drinks were not Kosher. Further, the margarine was a separately wrapped condiment for which Aramark was contractually unable to provide a substitute. Therefore, Aramark substantially performed its end of the bargain under the consent decree and was therefore entitled to dismissal of the suit.

Next, Miles challenges the District Court's March 28, 2007 order denying his request to withdraw the consent order. Miles, through counsel, stated that he wished to withdraw the order because he "changed his mind." The District Court properly applied the principles of contract interpretation to find an offer, acceptance and consideration in upholding the consent decree. <u>See</u> <u>Yarnall v. Almy</u>, 703 A.2d 535, 538 (Pa. Super. Ct. 1997). Further, it would have prejudiced Aramark to allow Miles to withdraw the decree five days before the start of Passover, since it relied on the consent decree to resolve the

6

litigation and to provide Miles with Kosher meals.

Miles also argues that he received ineffective assistance of counsel during the District Court proceedings. However, in ordinary civil disputes, parties may not obtain relief from the ineffective assistance of counsel. See Ponce-Leiva v. Ashcroft, 331 F.3d 369, 381 (3d Cir. 2003) (Rendell, J., dissenting). Even if such relief were available to Miles, the record does not support a finding that his counsel was ineffective.[2]

Finally, Miles asserts that the District Court denied his Sixth Amendment right to self-representation. However, the Sixth Amendment does not apply to civil proceedings. See generally Austin v. United States, 509 U.S. 602, 608 (1993) (protections provided by the Sixth Amendment are explicitly confined to criminal prosecutions). There is a federal statute that guarantees litigants the right to self-representation in civil cases. See 28 U.S.C. § 1654. In order to invoke the right, a litigant must clearly and unequivocally request the right to proceed pro se. Cf. Faretta v. California, 422 U.S. 806, 835 (1975)

(holding that a defendant properly invoked his right to self-representation when he "clearly and unequivocally declared to the trial judge that he wanted to represent himself and did not want counsel").[3] While Miles references a motion he filed in the District

---

[2] To the extent that Miles alleges judicial misconduct and bias by the district judge, we find no evidence of such misconduct or bias in the record.

[3] Admittedly Faretta concerned the right to self-representation in a criminal trial, but we are not prepared to hold that a litigant's invocation of the statutory right to self-representation in civil cases requires a less clear and unequivocal assertion. See Faretta, 422 U.S. at 831 (noting that the statutory right to self-representation was signed one day

7

Court requesting to represent himself, the only motion on the record is one filed by Miles' counsel requesting to withdraw and stating that Miles was prepared to proceed pro se.[4]

That motion, however, is not a clear and unequivocal assertion of the right to self-representation. Therefore, this claim is also without merit.[5]

---

before the Sixth Amendment was proposed); Iannacone v. Law, 142 F.3d 553, 558 (2d Cir. 1998).

[4] It appears that the District Court did not rule on this motion.

[5] Appellant's motion to expand the record is denied.