**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 17-1015

_____

In re:  DEBORAH R. MALLOY,

                         Debtor

J&V DEVELOPERS, INC.

v.

DEBORAH R. MALLOY;
GARY F. SEITZ, CHAPTER 7 TRUSTEE OF THE ESTATE
OF DEBORAH MALLOY

DEBORAH MALLOY

v.

DOM BUCCI; CENTURY 21 CREST REAL ESTATE, LTD.

Deborah R. Malloy; Edward C. Malloy,

                         Appellants

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-16-cv-05079)
District Judge:  Honorable Petrese B. Tucker

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 21, 2017

Before:  GREENAWAY, JR., VANASKIE and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  December 26, 2017)

---

OPINION[*]

---

PER CURIAM

Pro se appellants Deborah and Edward Malloy appeal the District Court's orders dismissing their appeal from an order of the Bankruptcy Court and denying their motion for reconsideration. For the reasons detailed below, we will vacate the District Court's order and remand for further proceedings.

In August 2015, the Bankruptcy Court granted J&V Developers Inc.'s motion for summary judgment and ordered that a fee award J&V had obtained against Deborah was nondischargeable under 11 U.S.C. § 523(a)(6). On August 12, 2016, Edward Malloy, Deborah's husband, filed a motion to intervene in the bankruptcy proceeding. On August 14, 2016, Edward filed a motion seeking reconsideration of the nondischargeability order. On August 15, 2016, Deborah filed her own motion for reconsideration. On September 9, 2016, the Bankruptcy Court denied all three motions.

The Malloys filed a notice of appeal to the District Court, which was entered on the District Court's docket on September 23, 2016. On November 8, 2016, the District Court dismissed the appeal due to the appellants' failure to comply with Rule 8009 of the Federal Rules of Bankruptcy Procedure, which requires appellants to "file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

the record on appeal and a statement of the issues to be presented." The appellants sought reconsideration, which the District Court denied, and they then filed a timely notice of appeal.

We have jurisdiction under 28 U.S.C. § 158(d)(1). We review the District Court's dismissal order for abuse of discretion. See Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992).

Here, because the District Court did not provide any explanation for its decision to dismiss the appeal (beyond noting the Malloys' failure to comply with Rule 8009), we have no meaningful way to review its exercise of discretion. See generally Livera v. First Nat'l State Bank of N.J., 879 F.2d 1186, 1194 (3d Cir. 1989) (discussing role of appellate court in reviewing district courts' discretionary decisions in related circumstances). Rule 8003 of the Federal Rules of Bankruptcy Procedure provides that, if an appellant does not take a necessary step after filing a notice of appeal, the District Court can "act as it considers appropriate, including dismissing the appeal." Rule 8003(a)(2). However, we have also recognized that, in bankruptcy appeals, "[n]ot every failure to follow procedural rules mandates dismissal of the appeal." In re Comer, 716 F.2d 168, 177 (3d Cir. 1983). In Comer, we affirmed the District Court's refusal to dismiss an appeal upon "finding no prejudice to debtors or bad faith on the part of the creditors." Id.; see also Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984) (setting forth a variety of factors for district courts to consider before dismissing a complaint).

Thus, while the District Court possessed the power to dismiss the Malloys' appeal, it was not required to do so, and without an explanation of its reasons, we are unable to

3

assess whether its decision represented a proper use of its discretion.  See generally

Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir. 1987).  Accordingly, we will

vacate the District Court's order and remand the matter for consideration of whether

dismissal is appropriate in the circumstances presented here.[1]

---

[1] The appellants also argue that it was improper for the District Court to act in their case pending Deborah's appeal before this Court in C.A. No. 16-2767, but they are incorrect. To the contrary, we stayed No. 16-2767 pending the District Court's decision in this action, thus signaling our expectation that this action would go forward.