**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1274
_____

DANIEL A. SALVATIERRA,
Appellant

v.

LAKE ERIE COLLEGE OF OSTEOPATHIC MEDICINE,
also known as LECOM

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 1-23-cv-00152)
District Judge:  Honorable Cathy Bissoon

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 5, 2024
Before:  SHWARTZ, RESTREPO, and FREEMAN, Circuit Judges

(Opinion filed: July 24, 2024)
_____

OPINION[*]
_____

PER CURIAM

Pro se Appellant Daniel A. Salvatierra filed an amended complaint in which he

brought a breach of contract claim against Defendant Lake Erie College of Osteopathic

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Medicine ("LECOM"). Salvatierra alleged that LECOM violated a contractual agreement to provide him with both employment and graduate medical education in its Internal Medicine Residency Program.

On June 26, 2023, LECOM filed a motion to dismiss. On July 11, 2023, the District Court entered an order stating that Salvatierra's response to the motion was due by July 24, 2023. On January 5, 2024, having received no response from Salvatierra, the District Court entered an order requiring him to show cause by January 11, 2024, as to why his lawsuit should not be dismissed for failure to prosecute. Consistent with this order and in the absence of any filing from Salvatierra, on January 12, 2024, the District Court entered a two-sentence order dismissing the case with prejudice pursuant to Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984).

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion a district court's order dismissing a case under Poulis. Emerson v. Thiel Coll., 296 F.3d 184, 190 (3d Cir. 2002). "While we defer to the District Court's discretion, dismissal with prejudice is only appropriate in limited circumstances and doubts should be resolved in favor of reaching a decision on the merits." Id. We have emphasized that dismissal is an "extreme" measure, and therefore "must be a sanction of last, not first, resort." Poulis, 747 F.2d at 868–69. In Poulis, we discussed six factors that a district court must consider when faced with the prospect of dismissing a case for failure to meet procedural requirements: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party . . . was

2

willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim." Id. at 868. We have further held that a district court must make explicit findings regarding these factors. See Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir. 1987); see also United States v. $8,221,877.16 in U.S. Currency, 330 F.3d 141, 161–62 (3d Cir. 2003). We must therefore determine whether the District Court properly evaluated these factors and whether the record supports its findings. Livera v. First Nat'l State Bank of N.J., 879 F.2d 1186, 1194 (3d Cir. 1989) (citing Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988)).

In the case at hand, the order of dismissal is deficient because, after mentioning Salvatierra's failure to respond before the close of the one-week deadline, the District Court merely cites to Poulis and does not provide any analysis of the factors presented in that case, much less an explicit explanation of its findings. See id. at 1188. In light of this deficiency, we must therefore remand the case to the District Court for explicit consideration of the Poulis factors. See id. Although LECOM argues that "a balancing of the Poulis factors supports the District Court's decision," we will not conduct our own Poulis analysis as it would necessitate factual findings beyond the parameters of our review. See id. at 1194. For a similar reason, we will not consider LECOM's alternative argument that affirmance is warranted because Salvatierra has not pleaded a claim upon which relief can be granted. Accordingly, we will vacate the District Court's order, and remand the case to the District Court for further proceedings. We take no position on the merits of Salvatierra's case and caution him against any further failure to respond to the orders of the District Court.

3