NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2173
_____

MRS. RESSLER'S FOOD PRODUCTS

v.

KZY LOGISTICS LLC; JOHN DOES/ABC CORP. 1-10,

KZY LOGISTICS, LLC,
                                        Appellant


_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 2:15-cv-06294)
Honorable Stewart Dalzell, District Judge
_____

Argued December 7, 2016

BEFORE:  FISHER, KRAUSE, and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Filed: January 17, 2017)
_____

Marco A. Laracca (argued)
Bio & Laracca
331 Central Avenue
West Orange, NJ 07050

    Attorneys for Appellant

Jeffrey P. Resnick (argued)
Sherman, Silverstein, Kohl,
Rose & Podolsky

308 Harper Drive, Suite 200
Moorestown, NJ 08057

<u>Attorneys for Appellee</u>

_____

OPINION*
_____

GREENBERG, <u>Circuit</u> <u>Judge</u>.


## I.  INTRODUCTION

KZY Logistics, LLC appeals from the District Court's order of April 4, 2016,

denying its motion to vacate a default judgment entered against it on the grounds that it

did not file a timely answer to plaintiff-appellee Mrs. Ressler's Food Products' complaint

filed on November 16, 2015.  Mrs. Ressler's' summons and complaint were served on

KZY on December 8, 2015, but KZY did not file an answer or otherwise move against

the complaint until February 17, 2016, when it moved to vacate the default judgment,

nearly a month after the Court entered the judgment on January 20, 2016.  On this appeal,

KZY contends that the Court abused its discretion in denying its motion to vacate the

default judgment, as it maintains that the four factors that a court considers in reaching a

decision on whether to vacate a default judgment supported its motion.  Because we hold

that the Court incorrectly applied the standard for consideration of one of these four

factors and correctly found that two other factors supported vacation, we will reverse the

_____

*This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

order denying KZY's motion to vacate the default judgment. We recognize that in considering whether to vacate the default judgment, the District Court also found that a fourth factor weighed against vacation of the judgment and we have no basis to reject this finding. This factor, however, does not outweigh the other three factors.

## II. STATEMENT OF JURISDICTION AND STANDARD OF REVIEW

The District Court had jurisdiction pursuant to 28 U.S.C. § 1337, as Mrs. Ressler's brought suit under the Carmack Amendment, 49 U.S.C. § 14706, and the amount in controversy exceeds $10,000. We have jurisdiction pursuant to 28 U.S.C. § 1291.

We review a district court's refusal to vacate a default judgment pursuant to Federal Rules of Civil Procedure 55(c) and 60(b) for an abuse of discretion. See Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 73 (3d Cir. 1987). In doing so, we are "guided by the manner in which the trial court balanced [certain enumerated] factors," which we discuss below. Id. (quoting Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984)). We consistently have "emphasiz[ed] the extreme nature of a . . . default judgment," Poulis, 747 F.2d at 867, and "repeatedly [have] stated our preference that cases be disposed of on the merits whenever practicable," Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir. 1984). Because entry of a default judgment is an "extreme sanction," Scarborough v. Eubanks, 747 F.2d 871, 875 (3d Cir. 1984), the entry of such a judgment is generally disfavored. Gross v. Stereo Component Sys., Inc., 700 F.2d 120, 122 (3d Cir. 1983). "[I]n a close case doubts should be resolved in favor of setting aside the default and reaching a decision on the merits." Gross, 200 F.2d at 122.

3

Nevertheless, even though we have "adopted a policy disfavoring default judgments and encouraging decisions on the merits, . . . the decision to vacate a default judgment is left to the sound discretion of the trial court." Harad v. Aetna Cas. and Sur. Co., 839 F.2d 979, 982 (3d Cir. 1988) (citing Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 245 (3d Cir. 1951)).

## III.  BACKGROUND

Mrs. Ressler's, a supplier of food products, arranged with BlueGrace Logistics to coordinate a shipment of a cargo of food, apparently deli products, from Philadelphia to California. App. at 21 ¶ 5. KZY claims that BlueGrace worked with Longitude Logistics, a freight broker, to arrange for the transportation of the cargo.[1] Id. at 26-27 ¶¶ 2-4. According to KZY, Longitude Logistics contacted KZY to arrange for transportation of the cargo from KZY's location in Fairfield, New Jersey, to California. Id. at 26-27 ¶¶ 2-3. KZY contends that it never had a contractual relationship or was in contact with either Mrs. Ressler's or BlueGrace. Id. at 27 ¶ 4.

KZY asserts that Longitude Logistics shipped Mrs. Ressler's' cargo from Philadelphia to KZY's facility in Fairfield, New Jersey, without making any indication on either the bill of lading or product receipt that the food was at the proper temperature when it had been delivered to Longitude Logistics. Id. at 28 ¶ 9. Furthermore, KZY contends that Longitude Logistics did not ascertain that Mrs. Ressler's' cargo was at the

---

[1] This fact is disputed — Mrs. Ressler's alleges that BlueGrace contracted directly with KZY. App. at 21 ¶ 6.

4

proper temperature before transferring the cargo to KZY for delivery in California. Id. When KZY's driver delivered the cargo in California, the customer rejected it because its temperature was higher than was expected and thus the food product was unsafe. Id. at 27 ¶ 6. When KZY's driver alerted KZY to that problem, KZY sent the trailer to a dealer in refrigeration units to inspect the trailer to see if there was a temperature failure and to run diagnostics on the temperature recorder. Id. at 27 ¶¶ 7-8. KZY contends that the diagnostic test showed that the temperature in its refrigerated trailer was proper throughout the delivery, and thus maintains that the cargo reached a heightened temperature at some point before KZY accepted the cargo for shipment to California. Id. at 27-28 ¶¶ 8-9.

When Mrs. Ressler's was informed of the temperature problem it contacted KZY and KZY's insurance carrier about the damaged goods. On August 22, 2015, months before Mrs. Ressler's filed this suit, KZY's insurance carrier informed KZY that it was not obligated to defend suits for cargo damage, though it could do so. At that time it advised KZY to forward any legal papers served on it to the carrier so that it could determine whether there was insurance coverage for the loss. Id. at 12. Subsequently Mrs. Ressler's filed suit against KZY on November 16, 2015, though so far as we are aware it did not file a complaint against the other entities involved in the California shipment. The summons and complaint were served on KZY on December 8, 2015. Id. at 11. KZY then again contacted its insurance carrier about the matter with the expectation that the carrier would provide it with a defense to Mrs. Ressler's' suit even though the carrier earlier had told KZY that it might not do so. Id. at 29 ¶ 13. On

5

December 22, 2015, a week before KZY needed to respond to the complaint, the insurance carrier informed KZY that it would not defend KZY in the lawsuit. Id. at 11-12, 29 ¶ 13. This refusal put KZY in a difficult position inasmuch as KZY could not file a pro se answer or otherwise move against the complaint because its status as a legal entity precluded it from doing so. Id. at 12, 29 ¶ 14. Furthermore, in view of the circumstance that the answer was due between Christmas and New Year's Day, KZY contends that it had difficulty finding counsel to defend it in the action. Nevertheless, it did not seek an extension of time to file an answer from Mrs. Ressler's.

On January 6, 2016, after the answer was due, Mrs. Ressler's filed a motion for entry of default. Id. at 23. The District Court clerk entered a default against KZY the same day. KZY was mailed a copy of the motion for entry of default on January 8, 2016, but failed to contact either the Court or Mrs. Ressler's in response to the motion. On January 7, 2016, the Court ordered Mrs. Ressler's to file a motion for entry of a default judgment, and, after Mrs. Ressler's did so, the Court granted the motion on January 20, 2016. Id. at 1, 7. KZY then filed a motion on February 17, 2016, seeking an order from the Court vacating the default and default judgment pursuant to Federal Rules of Civil Procedure 55(c) and 60(b). Id. at 25. The Court denied that motion on April 4, 2016. Id. at 14. KZY then filed this timely appeal.

## IV. DISCUSSION

KZY makes two arguments for reversing the District Court's denial of its motion to vacate the default judgment. First, it argues that the Court abused its discretion in

6

denying its motion to vacate the default and default judgment because the four factors that a district court must weigh in determining whether to vacate a default judgment supported the motion. Appellant's br. at 11-20. Second, it contends that the District Court's entry of a default judgment contravened our oft-stated preference that cases be decided on the merits rather than through procedural sanctions. Id. at 21. Mrs. Ressler's counters that the Court did not abuse its discretion in weighing these factors and properly took into account our preference for deciding cases on the merits when it made its determination to deny the motion to vacate the default judgment. Appellee's br. at 8-17. Moreover, Mrs. Ressler's contends that the "failure to maintain the proper temperature [of the cargo] was due to the negligence of [KZY's] driver or the malfunction of [its] equipment." Id. at 2.

Federal Rule of Civil Procedure 55 authorizes a district court clerk to enter a default and default judgment when the defendant does not contest an action but the party against whom a default judgment has been entered may move to vacate the judgment under Rule 60(c)(1) "within a reasonable time." A district court may grant a motion to set aside the judgment for "good cause" pursuant to Rules 55(c) and 60(b). If the movant files its motion within one year of the entry of a default judgment, Rule 60(b)(1) permits the court to grant the motion if there had been "mistake, inadvertence, surprise, or excusable neglect" on the defendant's part. In addition, Rule 60(b)(6) provides a catchall for vacating a judgment without time limit for "any other reason that justifies relief."

As the parties and the District Court recognized, a court must consider four factors when it determines whether to vacate a default judgment: "(1) whether lifting the default

7

would prejudice the plaintiff; (2) whether the defendant has a <u>prima facie</u> meritorious defense; (3) whether the defaulting defendant's conduct is excusable or culpable; and (4) the effectiveness of alternative sanctions." <u>Emcasco</u>, 834 F.2d at 73. We will discuss each of these factors in turn.

1. <u>Prejudice to Mrs. Ressler's</u>

KZY has maintained that Mrs. Ressler's would not have been prejudiced if the District Court had vacated the judgment, and the Court agreed. Appellant's br. at 13; App. at 10. But Mrs. Ressler's counters that it would have been prejudiced by the vacation because "[i]t is unknown if the evidence maintained by defendant . . . [is] still available." Appellee's br. at 14. It acknowledges, however, that, "[w]hile it is plaintiff's position that the prejudice factor weighs in against setting aside default, the district court's ultimate decision to give less weight to this factor is correct." <u>Id.</u> Inasmuch as the Court found this factor favored KZY and we see no error in the Court's analysis of this factor which Mrs. Ressler's does not challenge, we accept the District Court's conclusion on the prejudice factor without further discussion.

2. <u>KZY's Defense and its Merit</u>

KZY argues that the District Court abused its discretion in determining that KZY did not set forth a meritorious defense in its proposed answer in which it averred that it did not have a contractual relationship with Mrs. Ressler's. It makes the same contention in its motion to set aside the default judgment. Moreover, it attached documentation indicating that the refrigeration system was at the appropriate temperature in its trailer throughout the transportation of the cargo to California. Appellant's br. at 14-16. Mrs.

Ressler's responds that KZY made only a general denial of the allegations in the complaint in its motion to vacate without sufficiently specific allegations to entitle it to relief. Appellee's br. at 10-11. Therefore, Mrs. Ressler's contends that the Court did not abuse its discretion when it denied the motion to vacate the judgment. Id. at 12.

In considering the meritorious defense issue we note that the Carmack Amendment, implicated here, "governs the liability of common carriers on bills of lading," i.e., transportation contracts between a shipper and a carrier. Paper Magic Grp. v. J.B. Hunt Transp., Inc., 318 F.3d 458, 461 (3d Cir. 2003); see Certain Underwriters at Interest at Lloyds of London v. United Parcel Serv. of Am., Inc., 762 F.3d 332, 335 (3d Cir. 2014). "To establish a prima facie case against a carrier under the Carmack Amendment, a shipper must prove (1) delivery of goods to the initial carrier in good condition, (2) damage of the goods before delivery to their final destination, and (3) the amount of the damages." Paper Magic Grp., 318 F.3d at 461 (internal quotation marks and citation omitted). Once the plaintiff establishes a prima facie case, "the burden shifts to the carrier to prove that it was free from negligence and that the damage was caused solely by '(a) the act of God; (b) the public enemy; (c) the act of the shipper himself; (d) public authority; (e) or the inherent vice or nature of the goods.'" Beta Spawn, Inc. v. FFE Transp. Servs., Inc., 250 F.3d 218, 226 (3d Cir. 2001) (quoting Mo. Pac. R.R. Co. v. Elmore & Stahl, 377 U.S. 134, 137, 84 S.Ct. 1142, 1144 (1964)).

As the District Court noted, we have held that a defendant has established a meritorious defense when its "allegations, if established at trial, would constitute a

9

complete defense."[2] <u>United States v. $55,518.05 in U.S. Currency</u>, 728 F.2d 192, 195 (3d Cir. 1984); <u>see</u> <u>Hritz</u>, 732 F.2d at 1181. But we have indicated that defendants seeking to vacate a default judgment must "allege[] specific facts beyond simple denials or conclusionary statements." <u>$55,518.05 in U.S. Currency</u>, 728 F.2d at 195. Our standard is "more stringent" than that normally required for an answer to a complaint for it "requires that a defendant . . . set forth with some specificity the grounds for his defense." <u>Harad</u>, 839 F.2d at 982. But we do not require that a defendant's answer be in such detail that it meets "summary judgment standards." <u>Poulis</u>, 747 F.2d at 869.

In our cases we have recognized that a default judgment may be vacated if the defaulting defendant has advanced meritorious defenses. In the following situations we have recognized allegations as setting forth meritorious defenses: (1) an insurer's claim that its insurance policy on which a recovery was being sought did not provide coverage in the underlying action, <u>Feliciano v. Reliant Tooling Co., Ltd.</u>, 691 F.2d 653, 657 (3d Cir. 1982); (2) a potential lack of involvement of a defendant in the distribution chain in a products liability suit, <u>Hritz</u>, 732 F.2d at 1181; and (3) a defendant-insurer's reliance on the application of a one-year limitations provision for claims in its policy, even though the plaintiffs disputed that provision's applicability, <u>Poulis</u>, 747 F.2d at 870.

The District Court considered the defenses presented in both KZY's answer and its motion to vacate the default judgment. In addressing the answer, the Court concluded that it "fails to make a <u>prima facie</u> showing of a meritorious defense" because it "merely

---

[2] We have held that a defendant established a meritorious defense in letters to the court. <u>See</u> <u>Feliciano v. Reliant Tooling Co., Ltd.</u>, 691 F.2d 653, 657 (3d Cir. 1982).

denies the allegations set forth in the complaint and the separate defenses are just a generic list of thirteen defenses." App. at 10. In assessing the allegations attached to the motion to vacate the default judgment, the Court stated that "[e]ven if KZY Logistics had included such averments [that it maintained the proper temperature throughout delivery] in its proposed answer, these assertions boil down to a bare denial of the allegations in the complaint and do not constitute a meritorious prima facie defense." Id. at 11. Accordingly, it held that this factor "weigh[s] heavily against relieving KZY Logistics of the default judgment." Id. at 13.

But KZY's assertion that it maintained the proper temperature and that Mrs. Ressler's delivered a "hot" product when transporting Mrs. Ressler's' cargo is more than a bare denial of the complaint's allegations and is not merely a conclusory statement. KZY detailed this defense with sufficient specificity to assert a prima facie meritorious defense. If proven at trial, these facts arguably would establish a complete defense to Mrs. Ressler's' action. Further, KZY supplemented its allegations concerning the temperature of the refrigeration unit by providing temperature readings from the unit during the time in question. App. at 31-33. Therefore, the meritorious defense factor weighs in favor of KZY.[3]

3. KZY's Culpability for the Delay

KZY argues that it did not display "willfulness" or "bad faith" justifying the denial of a motion to vacate a default judgment. Appellant's br. at 16-19. KZY provides a

---

[3] It should be understood that we are finding that KZY has a meritorious defense only for purposes of the motion to vacate. We do not know if, when the merits of the case are considered, its defense will be meritorious.

11

number of reasons why it did not act with willfulness or in bad faith: it was unable to file a pro se answer; it expected that its insurer would defend it in the lawsuit and only found out about its refusal to do so seven days before the answer was due; and it had difficulty finding counsel because its answer was due between Christmas and New Year's Day. Mrs. Ressler's contends that KZY's actions were "culpable and not excusable" so that the District Court properly found that this factor weighed against vacating the judgment. Appellee's br. at 12.

In considering a defendant's culpability, i.e., whether its conduct was excusable, courts apply the standard of "willfulness" or "bad faith." Hritz, 732 F.2d at 1182. "Willfulness" or "bad faith" means "more than mere negligence" but can be satisfied with less than "'knowing' disregard." Id. at 1182-83. These terms are not "talismanic incantations" and entry of a default judgment may be proper even when a district court fails to use them. Id. "Reckless disregard for repeated communications from plaintiffs and the court, combined with the failure to investigate the source of a serious injury, can satisfy the culpable conduct standard." Id. at 1183. A default judgment "is improper," however, "where the terms are invoked in support of arbitrary procedural adjudication." Id.

The District Court held that although "there is no direct evidence of bad faith, KZY Logistics' failure was culpable and not excusable in these circumstances." App. at 12-13. The Court based its conclusion on KZY's failure to ask Mrs. Ressler's for an extension of time to file an answer to the complaint, KZY's knowledge that its insurance carrier might not defend a suit brought by Mrs. Ressler's as early as August 22, 2016, i.e.,

before the suit was filed, and its failure "to show good cause" for its lack of response over a span of months. Id. at 12. Though the question is close, we cannot say that the Court abused its discretion in making its determination against KZY on the culpability issue.

4. The Effectiveness of Alternate Sanctions

KZY next asserts that the District Court should have imposed alternative sanctions against it consisting of attorneys' fees and costs associated with Mrs. Ressler's having sought a default judgment rather than refusing to vacate the default judgment. Appellant's br. at 19-20. Mrs. Ressler's contends that the Court did not abuse its discretion for declining to do so. Appellee's br. at 15-17.

The District Court found that there was an effective alternate sanction in compelling KZY "to internalize the costs of its failure to timely answer or otherwise respond." App. at 13. It held that this factor "weighs in favor of vacating the default judgment." Id. Because the District Court found that this factor weighed in KZY's favor, we need not analyze the District Court's reasoning on this point beyond saying that we accept it.

5. Whether the District Court Abused its Discretion in Denying KZY's Motion to Vacate the Default Judgment

Finally we hold that the District Court abused its discretion when it declined to vacate the default judgment, primarily because it misapplied our standard in determining whether KZY asserted a prima facie meritorious defense. Inasmuch as the Court concluded that the prejudice and alternative sanctions factors weighed in favor of

vacating the judgment and we hold that KZY alleged a prima facie meritorious defense to the action, the only factor weighing against vacation was the culpability factor. As we have stated above, a default judgment is an extreme sanction. Because the Court concluded that there was no direct evidence that KZY acted in bad faith, the culpability factor alone does not outweigh the other three factors in considering the motion seeking vacation of the default judgment.

## V. CONCLUSION

For the aforementioned reasons, we will reverse the District Court's order of April 4, 2016, denying KZY's motion to vacate the default judgment and remand the case to the District Court for further proceedings. On the remand the Court may consider imposing sanctions on KZY as an alternative to entering the default judgment. The parties will bear their own costs on this appeal.

14