# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 21-1917

———————————————

Brothers and Sisters in Christ, LLC

*Plaintiff - Appellant*

v.

Zazzle, Inc.

*Defendant - Appellee*

——————————

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

——————————

Submitted: February 16, 2022
Filed: August 2, 2022

——————————

Before SMITH, Chief Judge, BENTON and KELLY, Circuit Judges.

——————————

KELLY, Circuit Judge.

Brothers and Sisters in Christ, LLC (BASIC) alleges that Zazzle, Inc. sold a t-shirt that infringed on BASIC's federal trademark. The district court[1] granted

———————————

[1]The Honorable Nannette A. Baker, United States Magistrate Judge for the Eastern District of Missouri. The parties consented to the jurisdiction of the Magistrate Judge. See 28 U.S.C. § 636(c)(1).

Zazzle's motion to dismiss for lack of personal jurisdiction, and having jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.

BASIC is a limited liability company, based in Missouri, that sells clothing and owns the trademark "love happens." Zazzle is a California corporation that has its principal place of business in California. BASIC alleges that in 2019 Zazzle sold a shirt with a "love happens" logo to at least one Missouri resident and shipped the shirt to that resident in Missouri. BASIC also alleges that Zazzle "uses a webpage, available to those in Missouri and elsewhere, to advertise its goods, including the trademark infringing goods, and to sell and carry out the transaction for trademark infringing goods." BASIC asserts five claims in its complaint: Federal Trademark Infringement, Federal Unfair Competition, Unfair and Deceptive Trade Practices, Common Law Trademark Infringement and Unfair Competition, and Dilution and Injury to Business Reputation.

On April 16, 2020, Zazzle filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2), asserting that the facts alleged in the complaint, even if assumed to be true, are not enough to establish that Zazzle is subject to personal jurisdiction in Missouri. Zazzle also provided undisputed evidence that the single identified purchase of a "love happens" t-shirt by a Missouri resident was made by someone affiliated with BASIC. On April 12, 2021, the district court granted Zazzle's motion and dismissed the case for lack of personal jurisdiction.

## II.

We review de novo a district court's order dismissing a case for lack of personal jurisdiction. Kaliannan v. Liang, 2 F.4th 727, 733 (8th Cir. 2021). BASIC "bear[s] the burden of establishing a prima facie showing of jurisdiction, and we view the facts in the light most favorable to [BASIC]." Id. (cleaned up) (quoting Whaley v. Esebag, 946 F.3d 447, 451 (8th Cir. 2020)). A prima facie showing "is

-2-

accomplished by pleading sufficient facts 'to support a reasonable inference that the defendant can be subjected to jurisdiction within the state.'" K-V Pharm. Co. v. J. Uriach & CIA, S.A., 648 F.3d 588, 591–92 (8th Cir. 2011) (cleaned up) (quoting Dever v. Hentzen Coatings, Inc., 380 F.3d 1070, 1072 (8th Cir. 2004)). "The evidentiary showing required at the prima facie stage is minimal." Willnerd v. First Nat'l Neb., Inc., 558 F.3d 770, 778 (8th Cir. 2009) (quotation omitted). "Just like the district court, we may look beyond the pleadings to determine whether personal jurisdiction exists, including reviewing affidavits and other exhibits." Pederson v. Frost, 951 F.3d 977, 979 (8th Cir. 2020).

Where the applicable federal statute, here the Lanham Act, does not authorize nationwide personal jurisdiction, see Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc., 751 F.3d 796, 800 (7th Cir. 2014), the existence of personal jurisdiction depends on the long-arm statute of the forum state and the federal Due Process Clause. Kaliannan, 2 F.4th at 733 ("Federal courts apply the long-arm statute of the forum state to determine the existence of personal jurisdiction over the parties." (quoting Whaley, 946 F.3d at 451)); Fed. R. Civ. P. 4(k)(1)(A). Missouri's long-arm statute authorizes personal jurisdiction over defendants who engage in certain acts, including "[t]he transaction of any business" within the state and "[t]he commission of a tortious act" within the state. Mo. Rev. Stat. § 506.500. The district court found that BASIC had sufficiently alleged that Zazzle engaged in both sorts of acts, and we agree.

We thus turn to whether exercising jurisdiction over Zazzle comports with the Due Process Clause. "Critical to due process analysis is that the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there." Kaliannan, 2 F.4th at 733 (cleaned up) (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985)). The relevant conduct and connections for the due process analysis depend on whether personal jurisdiction is alleged to be general or specific. See Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct., 141 S. Ct. 1017, 1024 (2021). General jurisdiction exists where a defendant is "essentially at home" in the forum state, whereas specific jurisdiction "covers

defendants less intimately connected with a State, but only as to a narrower class of claims," namely those that "'arise out of or relate to the defendant's contacts' with the forum." Id. at 1024–25 (quoting Bristol-Myers Squibb Co. v. Super. Ct. of Cal., S.F. Cnty., 137 S. Ct. 1773, 1780 (2017)). Here, BASIC alleges only that Zazzle is subject to specific jurisdiction in Missouri, and thus "we must decide whether [Zazzle] has certain minimum contacts with the forum state and whether [BASIC's] claims 'arise out of or relate to [Zazzle's] contacts.'" Kaliannan, 2 F.4th at 733 (quoting Ford Motor, 141 S. Ct. at 1025). Our inquiry must consider Zazzle's "contacts with [Missouri] itself, not [Zazzle's] contacts with persons who reside there." Walden v. Fiore, 571 U.S. 277, 285 (2014).

In determining whether specific jurisdiction exists, we consider the totality of the circumstances, Kaliannan, 2 F.4th at 733, using five factors to guide our analysis: "(1) the nature and quality of [defendant's] contacts with the forum state; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) convenience of the parties." Whaley, 946 F.3d at 452 (quotation omitted). The first three factors are of "primary importance" and the "fourth and fifth factors carry less weight." Id. (quotation omitted).

A.

We begin by identifying the contacts Zazzle has with Missouri. BASIC alleges that Zazzle sold an infringing t-shirt to a Missouri consumer and that Zazzle "uses a webpage, available to those in Missouri and elsewhere, to advertise its goods, including the trademark infringing goods, and to sell and carry out the transaction for trademark infringing goods." Zazzle concedes that its website "sells and ships lots of goods" into the state. BASIC argues that these activities, taken together, are enough to confer jurisdiction. In other words, BASIC asks us to consider *all* of Zazzle's contacts with Missouri, even those unrelated to the instant trademark-infringement claim.

However, in assessing specific jurisdiction, we look only to Zazzle's contacts with Missouri related to BASIC's claims.  See Advanced Tactical, 751 F.3d at 801–02 ("Specific jurisdiction must rest on the *litigation-specific* conduct of the defendant in the proposed forum state" (emphasis in original)).  For there to be specific jurisdiction, "there must be 'an affiliation between the forum and the underlying controversy,'" and where that connection is absent, "specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State."  Bristol-Myers, 137 S. Ct. at 1780–81 (quoting Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011)).[2]  In other words, "even regularly occurring sales of a product in a State do not justify the exercise of jurisdiction over a claim unrelated to those sales."  Goodyear, 564 U.S. at 931, n.6.

Aside from the single t-shirt sale, BASIC fails to allege a connection between Zazzle's other contacts with Missouri and the underlying suit.  BASIC does not allege that Zazzle's other activities in Missouri involved trademark infringement or that Zazzle sold additional trademark-infringing goods into the state.  In fact, in its briefing, BASIC specifically asserts that Zazzle's actions of "selling and sending the trademark infringing shirt into Missouri . . . form the basis of BASIC's trademark infringement lawsuit."[3]

---

[2]Although Bristol-Myers involved state court jurisdiction under the Fourteenth Amendment and did not resolve whether the Fifth Amendment imposes the same restrictions on the exercise of personal jurisdiction by a federal court, see 137 S. Ct. at 1783–84, neither party offers any reason why Bristol-Myers is inapplicable here.

[3]We have suggested that the operation of an interactive website could factor into the specific jurisdiction analysis.  See Lakin v. Prudential Sec., Inc., 348 F.3d 704, 710–11 (8th Cir. 2003); Johnson v. Arden, 614 F.3d 785, 797 (8th Cir. 2010) ("[W]hether specific personal jurisdiction could be conferred on the basis of an interactive website depends not just on the nature of the website but also on evidence that individuals in the forum state accessed the website in doing business with the defendant.").  Although BASIC alleges that Zazzle uses a website to sell its goods, BASIC does not dispute that its affiliate purchased the allegedly infringing t-shirt, and it does not allege that other Missouri consumers viewed or purchased any other

What this leaves us with, then, is a single suit-related contact with Missouri. The Supreme Court "has strongly suggested that a single sale of a product in a State does not constitute an adequate basis for asserting jurisdiction over an out-of-state defendant." J. McIntyre Mach., Ltd. v. Nicastro, 564 U.S. 873, 888 (2011) (Breyer, J., concurring) (citing Asahi Metal Indus. Co. v. Super. Ct. of Cal., Solano Cnty., 480 U.S. 102, 111, 112 (1987) (plurality opinion); id. at 117 (Brennan, J., concurring in part and concurring in judgment); id. at 122 (Stevens, J., concurring in part and concurring in judgment)).

Moreover, the Supreme Court has emphasized that, for specific jurisdiction to exist, the defendant "must take some act by which it purposefully avails itself of the privilege of conducting activities within the forum State," Ford Motor, 141 S. Ct. at 1024–25 (cleaned up and quotation omitted), such as directing its activities at the forum or targeting forum residents, see Myers v. Casino Queen, Inc., 689 F.3d 904, 913 (8th Cir. 2012) ("[Defendant] purposely directed its activities at Missouri and actively solicited and targeted Missouri residents like [plaintiff], seeking to have them patronize [defendant's] facility."). BASIC has not alleged that Zazzle took such purposeful, targeted action towards Missouri or Missouri consumers. All BASIC alleges is that a Missouri consumer accessed Zazzle's nationally available website and purchased a shirt. BASIC has thus failed to "show that [Zazzle] deliberately 'reached out beyond' its home," Ford Motor, 141 S. Ct. at 1025 (quoting Walden, 571 U.S. at 285), or that the single alleged contact was anything more than "random, isolated, or fortuitous," id. (quoting Keeton v. Hustler Mag., Inc., 465 U.S. 770, 774 (1984)); see also Walden, 571 U.S. at 291 ("[T]he mere fact that [defendant's] conduct affected plaintiffs with connections to the forum State does not suffice to authorize jurisdiction").

---

infringing goods. Thus, like the plaintiff in Johnson, BASIC has failed to meet its burden of showing that Zazzle's operation of an interactive website is sufficient to create specific jurisdiction.

Given the bare-bones nature of BASIC's allegations, the first three factors of our test—the nature and quality of Zazzle's contacts with Missouri, the quantity of such contacts, and the relation of BASIC's claims to those contacts—weigh against finding personal jurisdiction. The remaining two factors—Missouri's interest in providing a forum for its residents and the parties' convenience—do not tip the balance in BASIC's favor. Although Missouri has an interest in this litigation because the allegedly injured plaintiff is a Missouri company, the convenience of the parties is neutral, as Zazzle would be inconvenienced by litigation in Missouri and BASIC would likely be inconvenienced in an alternate forum.

B.

BASIC also argues that Missouri properly has personal jurisdiction over Zazzle under the "effects test" set forth in Calder v. Jones, 465 U.S. 783 (1984). This test "allows the assertion of personal jurisdiction over non-resident defendants whose acts are performed for the very purpose of having their consequences felt in the forum state." Johnson v. Arden, 614 F.3d 785, 796 (8th Cir. 2010) (quoting Dakota Indus., Inc. v. Dakota Sportswear, Inc., 946 F.2d 1384, 1390–91 (8th Cir. 1991)). More specifically, the "effects test" provides that

> a defendant's tortious acts can serve as a source of personal jurisdiction only where the plaintiff makes a prima facie showing that the defendant's acts (1) were intentional, (2) were uniquely or expressly aimed at the forum state, and (3) caused harm, the brunt of which was suffered—and which the defendant knew was likely to be suffered— [in the forum state].

Id. (quoting Lindgren v. GDT, LLC, 312 F. Supp. 2d 1125, 1132 (S.D. Iowa 2004)). We "use[] the Calder test merely as an additional factor to consider when evaluating a defendant's relevant contacts with the forum state," and we construe the test narrowly, meaning that "absent additional contacts, mere effects in the forum state are insufficient to confer personal jurisdiction." Id. at 796–97.

We agree with the district court that the <u>Calder</u> test does not alter the assessment of Zazzle's contacts with Missouri. Assuming Zazzle's actions caused harm to BASIC in Missouri that Zazzle could have anticipated, "mere injury to a forum resident is not a sufficient connection to the forum." <u>Walden</u>, 571 U.S. at 290. "The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." <u>Id.</u> BASIC has not pleaded facts suggesting that Zazzle "uniquely or expressly" aimed its allegedly tortious act—the offering for sale and selling of infringing goods—at Missouri. Zazzle's website is nationally accessible, and nowhere does BASIC allege that Zazzle specifically targeted Missouri consumers or the Missouri market. <u>See</u> <u>Johnson</u>, 614 F.3d at 798 (explaining that website was not "uniquely or expressly aimed at Missouri," and so "<u>Calder</u> provides no support for [plaintiffs'] Lanham Act claim"); <u>Walden</u>, 571 U.S. at 287–88 (emphasizing that <u>Calder</u> involved a libel claim, where "the reputational injury caused by the defendants' story would not have occurred but for the fact that the defendants wrote an article for publication in California that was read by a large number of California citizens").

## III.

In sum, we conclude that BASIC has failed to allege that Zazzle could reasonably anticipate being haled into court in Missouri, and we thus affirm the district court's dismissal of BASIC's claims.

_____