# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-1885
_____

Kendall Hunt Publishing Company

*Plaintiff - Appellant*

v.

The Learning Tree Publishing Corporation

*Defendant - Appellee*
_____

Appeal from United States District Court
for the Northern District of Iowa - Eastern
_____

Submitted: January 12, 2023
Filed: July 24, 2023
_____

Before SMITH, Chief Judge, WOLLMAN and LOKEN, Circuit Judges.
_____

WOLLMAN, Circuit Judge.

Kendall Hunt Publishing Company (Kendall Hunt) filed suit against The Learning Tree Publishing Corporation (Learning Tree) in district court in Iowa, where Kendall Hunt is located. The complaint alleged, as relevant here, claims of copyright infringement, tortious interference with contract, and unfair competition. The district

court[1] granted Learning Tree's motion to dismiss for lack of personal jurisdiction, concluding that the California corporation lacked minimum contacts with Iowa. We affirm.

Before founding Learning Tree in 2019, Frank Forcier and John Coniglio worked remotely for Kendall Hunt from their homes in California. Forcier traveled to Iowa in 2005 and 2006 as part of his employment. Coniglio traveled to Iowa regularly from 1995 to 2006 and as recently as 2018. Both Forcier and Coniglio had regular contact by email and phone with their Iowa co-workers throughout their tenures, and they accessed files on Iowa-based servers.

Nicholas Baiamonte teaches in California, where he wrote an online ethics textbook. Forcier negotiated with Baiamonte on behalf of Kendall Hunt from 2014 to 2016, which resulted in Baiamonte's entering into contracts with Kendall Hunt to publish his textbook as Course Pack 4: Ethics. Baiamonte assigned publication rights to Kendall Hunt. Forcier maintained regular communication with Iowa co-workers during negotiations and his subsequent editing of Baiamonte's work. Forcier also accessed Baiamonte's textbook on Kendall Hunt's Iowa servers. Neither Forcier nor Baiamonte traveled to Iowa during negotiations or editing. Kendall Hunt first published Course Pack 4 in 2016.

Forcier and Coniglio incorporated Learning Tree in California in October 2019. Learning Tree sells online textbooks to post-secondary students. It advertises to professors and educational institutions in California and has sold its materials solely to California institutions, except for approximately fifty textbooks to Colorado and Oklahoma institutions in 2020. Learning Tree sells an ethics textbook by Baiamonte,

---

[1]The Honorable Kelly K.E. Mahoney, United States Chief Magistrate Judge for the Northern District of Iowa, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

which Kendall Hunt alleges includes copyrighted portions of Course Pack 4. Using a contrived student identification number, an Iowa-based Kendall Hunt employee purchased Baiamonte's ethics textbook from Learning Tree's website in 2021. Learning Tree made no other sales of Baiamonte's textbook in Iowa.

We review *de novo* the district court's decision to dismiss the complaint for lack of personal jurisdiction over Learning Tree, viewing the facts in the light most favorable to Kendall Hunt. Brothers & Sisters in Christ, LLC v. Zazzle, Inc., 42 F.4th 948, 951 (8th Cir. 2022). Iowa's long-arm statute permits personal jurisdiction to the extent allowed by the Due Process Clause. Shams v. Hassan, 829 N.W.2d 848, 854 n.1 (Iowa 2013); see Iowa R. Civ. P. 1.306. Accordingly, we must decide whether Learning Tree's connections to Iowa are such that it should reasonably anticipate being haled into court there. See Brothers & Sisters in Christ, 42 F.4th at 951. We consider only whether the district court had specific personal jurisdiction over Learning Tree, as Kendall Hunt does not argue that Learning Tree is subject to general personal jurisdiction in Iowa. See id. (the due process analysis depends on "whether personal jurisdiction is alleged to be general or specific").

A court has specific jurisdiction over an out-of-state defendant when the defendant purposely directed its "activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985) (internal quotation marks and citations omitted). Accordingly, we ask whether Learning Tree "has certain minimum contacts with the forum state" and whether Kendall Hunt's claims "arise out of or relate to [those] contacts." Kaliannan v. Liang, 2 F.4th 727, 733 (8th Cir. 2021) (second quote quoting Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct., --- U.S. ---, 141 S. Ct. 1017, 1025 (2021)). In deciding whether the totality of the circumstances establishes specific jurisdiction, we consider the following factors, with the first three carrying the greatest weight: "(1) the nature and quality of [Learning Tree's] contacts with the forum state; (2) the quantity of such contacts; (3) the relation of the cause of

action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) convenience of the parties." Brothers & Sisters in Christ, 42 F.4th at 952 (quoting Whaley v. Esebag, 946 F.3d 447, 452 (8th Cir. 2020)).

We consider an additional factor in the context of intentional torts: the "effects test" set forth in Calder v. Jones, 465 U.S. 783 (1984). Under that test,

> a defendant's tortious acts can serve as a source of personal jurisdiction only where the plaintiff makes a prima facie showing that the defendant's acts (1) were intentional, (2) were uniquely or expressly aimed at the forum state, and (3) caused harm, the brunt of which was suffered—and which the defendant knew was likely to be suffered—[in the forum state].

Brothers & Sisters in Christ, 42 F.4th at 954 (alteration in original) (quoting Johnson v. Arden, 614 F.3d 785, 796 (8th Cir. 2010)).

Learning Tree's contacts with Iowa were as follows: it maintains a nationally-available website through which an Iowa resident purchased the allegedly infringing work. This conduct was not "uniquely or expressly aimed at" Iowa, however, particularly in light of the facts that Learning Tree did not advertise in Iowa and its litigation-anticipated sale to a Kendall Hunt employee occurred in Iowa. Although Kendall Hunt argued in its brief that this online sale was sufficient to create jurisdiction in Iowa, our court subsequently decided on similar facts that a single online sale did not establish personal jurisdiction over the defendant. See Brothers & Sisters in Christ, 42 F.4th at 952–54 (concluding that personal jurisdiction did not exist based on a single online sale of a trademark-infringing good through defendant's national website that did not target the forum state). Kendall Hunt has failed to distinguish Learning Tree's sale from the one at issue in that case, but maintains that the sale, combined with Forcier's and Coniglio's contacts with Iowa, created jurisdiction over Learning Tree.

Kendall Hunt argues that Forcier's and Coniglio's contacts with Iowa should be imputed to their corporation. See Rees v. Mosaic Tech., Inc., 742 F.2d 765, 768–69 (3d Cir. 1984) (holding that a promoter's subsequently ratified pre-incorporation activities may be considered in jurisdictional analysis). But even imputing these Iowa contacts to Learning Tree, we conclude that they do not weigh in favor of finding personal jurisdiction over Learning Tree in Iowa. Kendall Hunt alleged that Forcier knew of the contract between Baiamonte and Kendall Hunt because of his Iowa contacts and that he had access to copyrighted material because of those contacts. Learning Tree also had access to the copyrighted material through Baiamonte himself, however. Moreover, Learning Tree's alleged wrongful conduct—working with Baiamonte, copying Course Pack 4, and publishing and selling Baiamonte's work—took place in California.

The remaining specific-jurisdiction analysis factors do not tip the balance in Kendall Hunt's favor. We conclude that because Learning Tree's connections with Iowa were not such that it would reasonably have anticipated being haled into court there, the district court lacked personal jurisdiction over the corporation.

The judgment is affirmed.

_____