**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 23-1332, 23-2028
_____

NIFTY HOME PRODUCTS INC

v.

LADYNANA US; ALL4UGOOD; CARB OMAR;
COLLECTIONS ETC; DMYUSRO; FANJNUO;
HESU-US; MIANSO; MOON AND SUN; XUXUAIXUAIAI;
YUEERXING; CC GO STORE; CHEAPEST STORE;
COMFORTABLE IMPROVEMENT DAILY LIFE STORE;
HAPPY HOUSE LIFE STORE; HOMEI LIFE STORE;
HOMYTOOL STORE; KITCHEN HOME SUPPLIES STORE;
LIFE CAICAL STORE; MR. GOODS SHOP STORE;
MUYOO LIFE STORE; OCEANHM STORE; SONIRY HOME STORE;
YOUR HOMIE STORE;
SHENZHEN RUIMIAOQIAN NETWORK TECHNOLOGY LTD;
QUINGTIAN DIAOCHENG TRADING CO LTD;
JINGDONG E COMMERCE (TRADE) HONG KONG CORP;
DING; SHENZHENSHIMEIHUIDAWANGLUOKEJIYOUXIANGONGSI;
XIAMEN SHI AIDEMAN XINXIKEJI YOUXIAN GONGSI;
SHENZHEN XIAOYANZIFEI NETWORK TECHNOLOGY CO LTD;
SHANGHAI LEIYUAN ENERGY TECHNOLOGY CO LTD;
GADGETVLOT INC;
SHENZHEN RONGXINER NETWORK TECHNOLOGY CO LTD;
NAFXZY; YSZOOD; SHENZHEN LINGLANGXI NETWORK TECHNOLOGY CO
LTD;
YUEDONG; QUINTINA; FORTIOO; PEYSAITR; MIRUKU;
BRANDSLC; SMILEOL; MAFANIKIO; PEANTOIA; HEOPBIRD;
XMASTER; GYUUNYUU; DONEWELO; SHENZHEN WEITIAN INDUSTRIAL CO
LTD;
BROTTFOR; SHENZHEN DALI INDUSTRY CO LTD;
LUXE DESIGNS LLC; HANG ZHOU DUI SHU DIAN ZI SHANG WU YOU XIAN
GONGSI;
CREATIVE ARROWY INC; VADUNSUZ; MERZAM;
SHENZHENSHIMIQUSHANGMAOYOUXIANGONGSI;

INETICIAM; RYKWURDE; BLIRIK; COMDAR


Shennzhen Ruimiaoqian Network Technology Co Ltd;
Qingtian Diacheng Trading Co Ltd; Ding;
Shenzhenshimeihuidawangluokejiyouxiangongsi;
Xiamen Shi Aideman Xinxikeji Youxian Gongsi;
Shenzhen Xioyanzifei Network Technology Co Ltd;
Shanghai Leiyuan Energy Technology Co Inc;
Shenzhen Rongxinger Network Technology Co Ltd;
Shenzhen Linglanggxi Network Technology Co Ltd;
Shenzhen Weitian Industrial Co Ltd;
Shenzhen Dali Industry Co Ltd,

Appellants in 23-1332

Oudisen Intl Group Inc d/b/a Peysaitr;
Itoya Topdrawer Corp d/b/a Ineticiam;
Borini Commerce Inc d/b/a Mafanikio;
Sound Brands LLC d/b/a Brandslc;
Eliward Foryton Co Ltd d/b/a Brottfor;
Five Leaf Pet Botanicals, Inc d/b/a Gyuunyuu;
Fishbites Trading Post, LLC d/b/a Rykwurde;
henzhenshimaerzhahamaoyiyouxiangongsi d/b/a Merzam
HangZho;
DingGeZhuangShiCaiLiaoYouXianGongSi d/b/a Peantoia;
NanYangShiBaoXingMaoYiYouXianZeRenGongSi d/b/a Quintina;
ShenZhenShiHaShiQiMaoYiYouXianGongSi d/b/a Vadunsuz;
dong guan shi jing xing xi wei shang mao you xian gong si d/b/a
Blirik;
CBSCHitalk d/b/a Fortioo;
Shen Zhen Shi De Bu Si Ke Ji You Xian Gong Si d/b/a Comdar;
LI XIAN CHENG HUA PING SHANG MAO YOU XIAN GONG
SI d/b/a Heopbird;
DongGuanShiTaiYuanZiShangMaoYouXianGongSi d/b/a Miruku;
ShenzhenYuehengchimaoyiYouxiangongsi d/b/a Yszodd;
ShenZhenShiNaiFeiXunWangLuoKeJiYouXianGongSi d/b/a
Nafxzy;
ShenZhenXiangNingKeJiYouXianGongSi d/b/a Xmaster;
shenzhenxiweikejiyouxiangongsi d/b/a Smileol;
shanghaidiweikejiyouxiangongsi d/b/a Donewelo,

Appellants in 23-2028


2

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2-22-cv-00994)
District Judge:  Honorable Arthur J. Schwab
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 13, 2024
_____

Before:  CHAGARES, Chief Judge, ROTH and RENDELL, Circuit Judges

(Filed: December 5, 2024)

_____

OPINION[*]
_____

CHAGARES, Chief Judge.

Nifty Home Products, Inc. ("Nifty") filed a lawsuit against numerous defendants alleging that they sold counterfeits of Nifty's bacon grease product in violation of federal copyright law.  The District Court entered default judgments against the defendants.  Several of those defendants appealed, and we consolidated their appeals into two groups (hereinafter "23-2028 defendants" and "23-1332 defendants").  For the following reasons, we will vacate the default judgments entered against both groups of defendants and remand for further proceedings.

---

[*]  This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

I.

We write primarily for the parties and recite only the facts essential to our decision. Nifty filed a lawsuit in 2022 in the United States District Court for the Western District of Pennsylvania alleging that the defendants, many of which are Chinese manufacturers, willfully infringed and sold counterfeits of Nifty's bacon grease product online. Nifty alleged that each defendant profited from the sale of the infringing products in a range of over $100,000 to over $2,000,000. Nifty also applied for a temporary restraining order against the defendants, which the District Court granted. Nifty served all of the defendants with the summons and complaint by email pursuant to the District Court's alternative service order.

On September 30, 2022, Nifty asked the Clerk of Court to enter default against the 23-2028 defendants. The Clerk entered default against those defendants on October 3, 2022.[1] On October 19, 2022, Nifty moved for default judgment and a permanent injunction against the 23-2028 defendants, which the District Court granted the next day. On March 6, 2023, counsel for the 23-2028 defendants moved to appear pro hac vice, which the District Court granted. The 23-2028 defendants moved to vacate the default, default judgment, and permanent injunction. Nifty opposed the motion and simultaneously moved to stay the briefing schedule and to conduct jurisdictional discovery. On May 5, 2023, the District Court issued a decision that denied the 23-2028

---

[1] The Clerk's entry of default listed those defendants in a document titled "Schedule A." Defendant Mafanikio was not included in Schedule A. This appears to be a clerical error because the docket entry itself listed Mafanikio.

4

defendants' motion and denied Nifty's motion as moot.

Nifty's lawsuit against the 23-1332 defendants proceeded on a similar, but not identical, timeline. On October 12, 2022, Nifty requested the Clerk of Court to enter default against the 23-1332 defendants. The Clerk of Court did so the following day. Counsel for the 23-1332 defendants moved to appear pro hac vice on October 28, 2022, which the District Court granted. On December 12, 2022, Nifty moved to amend the District Court's existing final default judgment and permanent injunction to include the 23-1332 defendants. The District Court granted this motion on the same day. On December 30, 2022, the 23-1332 defendants moved to vacate the default, default judgment, and permanent injunction. The District Court denied this motion on January 24, 2023. The defendants timely appealed.

## II.[2]

The 23-1332 and 23-2028 defendants raise different grounds for vacating the District Court's default judgments against them. We will consider them in turn.

### A.

The 23-1332 defendants first contend that they lacked sufficient notice of Nifty's motion for default judgment. Federal Rule of Civil Procedure 55 provides that after the clerk has entered default, if the plaintiff's claim is not for a sum certain, the plaintiff

---

[2] The District Court had jurisdiction under 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion both a district court's entry of default judgment as well as its denial of a motion to set aside the entry of default or default judgment. PPG Indus. Inc v. Jiangsu Tie Mao Glass Co., 47 F.4th 156, 160 n.10 (3d Cir. 2022); United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194–95 (3d Cir. 1984).

"must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). The rule further provides that "[i]f the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing." Id. The District Court "may" conduct this hearing to determine, inter alia, damages or "investigate any other matter." Id.

Here, the 23-1332 defendants did not receive notice seven days prior to entry of the default judgment, as the District Court entered the default judgment against the 23-1332 defendants less than two hours after Nifty filed its motion. The 23-1332 defendants contend that the default judgment should be vacated because they were not given seven days' notice of Nifty's motion for default judgment. Nifty counters that Rule 55(b)(2)'s seven-day notice requirement only applies to hearings and that the District Court acted within its discretion by not conducting a hearing in granting the motion for default judgment.

The 23-1332 defendants have the better of the argument. The parties do not dispute that the 23-1332 defendants "appeared personally" before the District Court under Rule 55(b)(2) when their counsel entered an appearance. The question is if the appearance triggered the seven-day notice requirement. Nifty seizes on the phrase "at least 7 days before the hearing" to argue that only a hearing triggers the seven-day notice requirement. But nothing in the rule expressly limits the seven-day notice requirement to the scheduling of a hearing, and that is not how courts have construed the rule. See, e.g., Bermudez v. Reid, 733 F.2d 18, 21 (2d Cir. 1984) ("[I]n civil cases, where a party fails to

6

respond, after notice the court is ordinarily justified in entering a judgment against the defaulting party . . . ." (emphasis added)); 10A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2687 (4th ed. 2024) ("Under Rule 55(b)(2), a party or a party's representative, who has appeared in an action but has failed to defend must be given written notice of an application to the court for entry of a judgment by default." (footnote omitted)).

We emphasize that notice is not a mere formality; rather, it "protect[s] those parties who, although delaying in a formal sense by failing to file pleadings . . . have otherwise indicated to the moving party a clear purpose to defend the suit." 10A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2687 (quoting H. F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe, 432 F.2d 689, 691 (D.C. Cir. 1970) (per curiam)). In this case, the notice that the 23-1332 defendants should have received "would have informed them of the imminence of action against them as defaulters and thus would have enabled them to take appropriate steps." Hutton v. Fisher, 359 F.2d 913, 915 (3d Cir. 1966). The District Court abused its discretion in failing to follow Rule 55(b)(2). Thus, we will vacate the default judgment with respect to the 23-1332 defendants. See Wilson v. Moore & Assocs., Inc., 564 F.2d 366, 369 (9th Cir. 1977) ("The failure to provide 55(b)(2) notice, if the notice is required, is a serious procedural irregularity that usually justifies setting aside a default judgment or reversing for the failure to do so.").

We also agree with the 23-1332 defendants that the District Court abused its discretion by awarding Nifty $2 million in damages against each of them. A default

judgment does not establish the truth of a complaint's allegations "relating to the amount of damages." PPG Indus. Inc v. Jiangsu Tie Mao Glass Co., 47 F.4th 156, 161 (3d Cir. 2022). Here, the District Court awarded Nifty $2 million against each of the 23-1332 defendants without analysis or explanation, despite the fact that the 23-1332 defendants had no opportunity to contest these amounts and even though the complaint itself alleged a range from over $100,000 to over $2 million in damages. See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc., 109 F.3d 105, 111 (2d Cir. 1997) ("While the District Court may not have been obligated to hold an evidentiary hearing, it could not just accept [the plaintiff's] statement of the damages. This did not satisfy the court's obligation to ensure that the damages were appropriate."). In the event the District Court reaches the question of damages on remand, it should consider whether an evidentiary hearing may assist it in calculating damages. See KPS & Assocs., Inc. v. Designs By FMC, Inc., 318 F.3d 1, 21 (1st Cir. 2003).

B.

The 23-2028 defendants contend that the default judgment should be set aside because the District Court lacked personal jurisdiction. The District Court construed the 23-2028 defendants' motion to vacate under both Federal Rule of Civil Procedure 55(c) (entry of default) and Federal Rule of Civil Procedure 60(b)(1) (default judgment). The standard under both rules is the same: "We require the district court to consider the following factors in exercising its discretion in granting or denying a motion to set aside a default under Rule 55(c) or a default judgment under Rule 60(b)(1): (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; (3)

8

whether the default was the result of the defendant's culpable conduct." United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984).

We start with the second factor, the "threshold question" in this analysis. Id. A proffered defense that is not "facially unmeritorious" is "sufficient." Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir. 1987). The District Court, despite claiming that we have "not yet considered specific jurisdiction arguments in the context of an online infringement case," concluded nonetheless that it had personal jurisdiction over the 23-2028 defendants, reasoning that a single sale from each defendant into Pennsylvania (set up by Nifty in each instance) sufficed to show that each defendant had purposively availed itself of the forum state. Appendix ("App.") 64–66. Applying the proper legal standard, we think that the 23-2028 defendants have made at least a colorable argument that these single transactions, standing alone, were insufficient to demonstrate purposeful availment. See, e.g., Bros. & Sisters in Christ, LLC v. Zazzle, Inc., 42 F.4th 948, 953 (8th Cir. 2022); see also J. McIntyre Mach., Ltd. v. Nicastro, 564 U.S. 873, 888 (2011) (Breyer, J., concurring); but see NBA Props., Inc. v. HANWAH, 46 F.4th 614, 624–25 (7th Cir. 2022) (holding that a single sale into an online marketplace was sufficient to constitute purposeful availment). The potential merits of this defense are significant because the defendants questioned the District Court's own jurisdiction. See Budget Blinds, Inc. v. White, 536 F.3d 244, 259 (3d Cir. 2008) ("If the rendering court did not have personal jurisdiction, then the judgment was not merely erroneous; it never should have been entered in the first place."). Thus, the second factor weighs against default judgment.

9

The first factor also weighs against the grant of a default judgment. After the 23-2028 defendants moved to vacate the default judgment, Nifty moved to stay briefing and conduct jurisdictional discovery to respond to the 23-2028 defendants' personal jurisdiction arguments. Where, as here, the <u>plaintiff</u> requested more time to litigate the case on the merits, the prejudice to the plaintiff in setting aside the default judgment is minimal. <u>See</u> <u>also</u> App. 63 (District Court concluding that the "prejudice to Plaintiff" factor is "somewhat neutral").

The third factor, whether the 23-2028 defendants are culpable for the delay, does not tilt the scales back in Nifty's favor. The District Court observed that the 23-2028 defendants entered their first appearance months after it entered default judgment. We need not determine whether the record establishes that the 23-2028 defendants' inaction was "willful[] or in bad faith" and thus culpable, however, because even if it were, this factor alone would not outweigh the other two factors based on the circumstances of this case. <u>Chamberlain v. Giampapa</u>, 210 F.3d 154, 164 (3d Cir. 2000). Because we favor deciding a case on the merits, even close calls should be "resolved in favor of the party moving to set aside the default judgment." <u>Budget Blinds</u>, 536 F.3d at 258. Thus, we will vacate the default judgment with respect to the 23-2028 defendants.[3]

---

[3] Nifty argues that the District Court also held that it had personal jurisdiction over some of the 23-2028 defendants under Fed. R. Civ. P. 4(k)(2). But the District Court's decision merely stated the governing standard for personal jurisdiction under that rule; it did not apply the rule or make a finding under it.

III.

For the foregoing reasons, we will vacate the default judgments against the 23-1332 and 23-2028 defendants and remand to the District Court for further proceedings consistent with this opinion.