NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2871
_____

PATRICIA J. LEE,
                              Appellant


v.


JUDGE JANE GALLINA MECCA
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-21-cv-20197)
District Judge: Honorable Kevin McNulty
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
June 9, 2023

Before:  HARDIMAN, AMBRO, and FUENTES, *Circuit Judges*

(Filed: September 8, 2023)


_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and under I.O.P. 5.7 does not constitute binding precedent.

**FUENTES**, *Circuit Judge*.

Plaintiff Patricia Lee appeals the District Court's order (1) vacating an entry of default against Defendant, Judge Jane Gallina Mecca, (2) denying her motion for default judgment, and (3) granting Defendant's motion to dismiss. For the reasons that follow, we will affirm the District Court.

## I.     BACKGROUND

This case arises from a contentious divorce proceeding in New Jersey Superior Court.[1] Plaintiff alleges that Judge Gallina Mecca violated her First, Fifth and Fourteenth Amendment rights while presiding over the case. Proceeding *pro se*, Lee filed a 42 U.S.C. § 1983 action in November 2021, seeking (1) a declaration that Judge Gallina Mecca's custody order violated the Fourteenth Amendment, (2) an award of sole custody of her two minor children, (3) injunctive relief preventing Judge Gallina Mecca from enforcing a contempt order against Lee in the divorce case, and (4) compensatory and punitive damages. Lee also requested that the Court recuse Judge Gallina Mecca from presiding over the remainder of her divorce case.

On January 10, 2022, Lee requested and received entry of default after Judge Gallina Mecca failed to submit a response or defend against Lee's suit. After Lee moved for entry of a default judgment, Judge Gallina Mecca filed a response and cross-moved to vacate the default and dismiss Lee's complaint with prejudice for lack of subject matter jurisdiction and failure to state a claim.

---

[1] *Chen v. Lee*, Docket No. FM-02-754-21 (N.J. Super. Ct. Ch. Div.).

2

The District Court granted Judge Gallina Mecca's motion to vacate the entry of default, holding that there was good cause to do so because (1) setting aside the default would not prejudice Lee, (2) Judge Gallina Mecca advanced several meritorious defenses to Lee's claims, (3) no evidence of "willfulness" or "bad faith" was introduced, and (4) alternative sanctions were unnecessary. Further, the District Court granted Judge Gallina Mecca's motion to dismiss for lack of subject matter jurisdiction and failure to state a claim. The District Court determined that Judge Gallina Mecca, as a member of an arm of the State of New Jersey, is entitled to sovereign immunity for any claims brought against her in her official capacity. Liberally construing the complaint as also asserting individual-capacity claims, the Court then concluded that Judge Gallina Mecca was entitled to judicial immunity. Lee appealed.

## II. JURISDICTION AND STANDARD OF REVIEW

The District Court had jurisdiction over Lee's individual-capacity claims under 28 U.S.C. § 1331. But it is disputed whether the District Court had subject matter jurisdiction over Lee's official-capacity claims. We have appellate jurisdiction under 28 U.S.C. § 1291.

We review a district court's decision to deny leave to amend a pleading, set aside an entry of default, and deny a motion for a default judgment for abuse of discretion.[2] We review *de novo* questions of subject matter jurisdiction, in which "we review only

---

[2] *Great W. Mining & Mineral Co. v. Fox Rothschild, LLP*, 615 F.3d 159, 163 (3d Cir. 2010); *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1998); *Jorden v. Nat'l Guard Bureau*, 877 F.2d 245, 250-51 (3d Cir. 1989).

3

whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court."[3] We also exercise plenary review over a district court's grant of a motion to dismiss for failure to state a claim.[4] We accept all allegations in the complaint as true and all reasonable inferences must be drawn in the light most favorable to the plaintiff.[5]

## III.    DISCUSSION

Lee argues that (1) the District Court abused its discretion in setting aside the default without any evidence, (2) her claims fall under a narrow exception to Eleventh Amendment sovereign immunity, (3) Judge Gallina Mecca should be stripped of her judicial immunity because her conduct is not representative of a function normally performed by a judge in her judicial capacity, and (4) her complaint should not have been dismissed with prejudice because leave to amend should have been given freely.[6] We disagree with each of Lee's arguments and will affirm the District Court order.

### A.

Under Rule 55(c) of the Federal Rules of Civil Procedure, a district court may set aside an entry of default for good cause. District courts evaluate four factors to determine

---

[3] *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006) (internal quotation marks and citation omitted).

[4] *Id*.

[5] *Id.*

[6] To the extent Lee argues she should have been able to amend, she did not ask for leave to amend, and amendment would have been futile. *See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007) (holding district courts must offer amendment when dismissing for failure to state a claim unless doing so would be inequitable or futile). The deficiencies in Lee's pleading could not be cured; her claims are barred by an array of immunity doctrines.

4

if good cause exists: "(1) whether lifting the default would prejudice the plaintiff; (2) whether the defendant has a prima facie meritorious defense; (3) whether the defaulting defendant's conduct is excusable or culpable; and (4) the effectiveness of alternative sanctions."[7] The second factor is considered threshold because "without a meritorious defense[, the defendant] could not win at trial."[8] A claim or defense is considered meritorious "when 'allegations of defendant's answer, if established on trial, would constitute a complete defense to the action.'"[9] A proffered defense is acceptable as long as it is not "facially unmeritorious."[10] And we have reiterated that defaults are not favored and "require doubtful cases to be resolved in favor of the party moving to set aside the default judgment" because it is preferable to decide cases on the merits.[11]

Lee argues that the District Court abused its discretion when it evaluated the good-cause factors without requiring any evidence from Judge Gallina Mecca to explain her failure to timely plead. Without this evidence, Lee asserts, the District Court could not conclude that Judge Gallina Mecca was not culpable in her default.

Culpable conduct in this context entails actions that are taken willfully in bad faith by an unresponsive defendant.[12] Innocent mishaps or mistakes, by contrast, do not suffice as culpable. Although Judge Gallina Mecca's response was untimely, no

---

[7] *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73 (3d Cir. 1987).
[8] *$55,518.05 in U.S. Currency*, 728 F.2d at 195.
[9] *Id.* at 195 (quoting *Tozer v. Charles A. Krause Millin Co.*, 189 F.2d 242, 244 (3d Cir. 1951)).
[10] *Emcasco Ins. Co.*, 834 F.2d at 74 (quoting *Gross v. Stereo Component Systems, Inc.*, 700 F.2d 120, 123 (3d Cir. 1983)).
[11] *$55,518.05 in U.S. Currency*, 728 F.2d at 194-95.
[12] *Hritz v. Woma Corp.*, 732 F.2d 1178, 1182 (3d Cir. 1984).

evidence suggests she acted willfully or in bad faith. Therefore, the District Court did not abuse its discretion when it concluded Judge Gallina Mecca's conduct lacked culpability.

As for the remaining factors, the District Court properly concluded they weighed in favor of vacating the default. First, Lee would not be prejudiced if the default was vacated given (1) "the early stage of the proceeding" and (2) Lee's failure to allege "loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment."[13] Second, Judge Gallina Mecca advanced several defenses, asserting that the District Court lacked jurisdiction over Lee's claims under the *Rooker-Feldman* doctrine, and that Judge Gallina Mecca was entitled to both sovereign immunity and judicial immunity. The District Court properly determined these defenses were facially meritorious because they would preclude it from entering a judgment against Judge Gallina Mecca and from exercising subject matter jurisdiction over Lee's claims. Last, alternative sanctions were unnecessary because Lee would not be prejudiced and there was no evidence of bad faith.

Because Judge Gallina Mecca proffered defenses that do not appear "facially unmeritorious" and the District Court analyzed the four factors thoroughly, we conclude that the District Court properly exercised its discretion in setting aside the default.

B.

Next, we agree with the District Court that it lacked subject matter jurisdiction over Lee's claims against Judge Gallina Mecca in her official capacity.

---

[13] A007 (quoting *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 657 (3d Cir. 1982)).

6

The Eleventh Amendment to the Constitution provides: "The Judicial power of the United States shall not . . . extend to any suit . . . commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."[14] "'States or governmental entities that are considered "arms of the State" for Eleventh Amendment purposes' are not 'persons' under § 1983.'"[15] New Jersey Superior Court judges are "arms of the state" under the Eleventh Amendment, and so Judge Gallina Mecca enjoys sovereign immunity from suits in her official capacity unless an exception applies.[16]

Sovereign immunity under the Eleventh Amendment is subject to three exceptions: (1) congressional abrogation, (2) waiver by the state; and (3) suits against individual state officers for prospective injunctive and declaratory relief to end an ongoing violation of federal law ("the *Ex parte Young* doctrine").[17] To determine whether the *Ex parte Young* doctrine applies, courts "conduct a 'straightforward inquiry

---

[14] U.S. Const. amend. XI.

[15] *Karns v. Shanahan*, 879 F.3d 504, 519 (3d Cir. 2018) (quoting *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 64 (1989)); *see also Howlett ex rel. Howlett v. Rose*, 496 U.S. 356, 365 (1990) ("[T]he State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal court or state court."). In suits against state officials in their official capacity for injunctive relief, those state officials *are* considered persons under Section 1983. *See Will*, 491 U.S. at 71 n.10.

[16] *See, e.g.*, *Johnson v. New Jersey*, 869 F. Supp. 289, 296-98 (D.N.J. 1994).

[17] *Pa. Fed'n of Sportsmen's Clubs, Inc. v. Hess*, 297 F.3d 310, 323 (citing *MCI Telecomms. Corp. v. Bell Atlantic-Pennsylvania Serv.*, 271 F.3d 491, 503 (3d Cir. 2001), *cert. denied*, 537 U.S. 941 (2002)).

7

into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'"[18]

Under the first two exceptions, Congress has not abrogated sovereign immunity through 42 U.S.C. § 1983,[19] and there is no waiver of immunity with respect to Judge Gallina Mecca. With respect to the third exception, Lee asserts that her complaint, viewed liberally, alleges a violation that is "ongoing" because her divorce case remains pending, and Judge Gallina Mecca continues to preside over the case. Therefore, she argues that sovereign immunity should not bar her claims for injunctive and declaratory relief under the *Ex parte Young* doctrine.

Although Lee's divorce action remains pending, the allegations Lee asserts and the relief she seeks are retroactive; they are based on state court orders or actions Judge Gallina Mecca made in the past. Among other allegations, Lee asserts that Judge Gallina Mecca has violated her Fourteenth Amendment rights by blocking Lee from introducing certain evidence in her divorce action, retaliating against Lee for reporting judicial misconduct, and treating Lee and her attorney in a "hostile manner."[20] Further, Lee asks this Court to essentially reverse two state court orders related to her divorce case, as well as award compensatory and punitive damages to Lee for the alleged mistreatment she received. Lee's allegations and requests for relief are counter to our Eleventh Amendment jurisprudence, which clearly bars "relief that essentially serves to

---

[18] *Verizon Md., Inc. v. Pub. Serv. Comm'n*, 535 U.S. 635, 645 (2002) (quoting *Idaho v. Coeur d' Alene Tribe of Idaho*, 521 U.S. 261, 296 (1997)).
[19] *Quern v. Jordan*, 440 U.S. 332, 345 (1979).
[20] A028.

compensate a party injured in the past by the action of a state official[.]"[21] Thus, we agree with the District Court's holding that the *Ex parte Young* doctrine is not applicable to this matter because these claims are not prospective.

Further, as Judge Gallina Mecca argues, Lee's requests to nullify all state court orders run afoul of the *Rooker-Feldman* doctrine. It prevents district courts from exercising subject matter jurisdiction "over suits that are essentially appeals from state-court judgments."[22] Four requirements must be met for the *Rooker-Feldman* doctrine to apply: (1) the federal plaintiff lost in state court; (2) the plaintiff "complain[s] of injuries caused by [the] state-court judgments"; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments.[23] Here, Lee (1) lost in state court; (2) complains of injuries caused by Judge Gallina Mecca's issuance of unfavorable state court orders (3) rendered before the federal suit was filed; and (4) invites the district court to declare the state court orders are "devoid of any legal force or effect."[24]

Finally, the sole claim that could be considered as requesting prospective relief— Lee's demand that Judge Gallina Mecca recuse herself as the presiding judge in the divorce case—is unavailing. The language of 42 U.S.C. § 1983 prevents the provision of injunctive relief where the action is "brought against a judicial officer for an act or

---

[21] *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 697 (3d Cir. 1996); *see, e.g.*, *Green v. Mansour*, 474 U.S. 64, 68 (1985).
[22] *Great W. Mining & Mineral Co.*, 615 F.3d at 165.
[23] *Id.* at 166 (internal quotation marks and citation omitted).
[24] Appellant Br. at 16 (quoting A030).

omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." Because Lee has not alleged that a declaratory decree was violated or that declaratory relief is unavailable, her claim for injunctive relief is barred.[25]

Thus, we agree with the District Court that it lacked subject matter jurisdiction over Lee's claims against Judge Gallina Mecca in her official capacity.

C.

We also agree with the District Court that, liberally construing Lee's complaint as a suit against Judge Gallina Mecca in her individual capacity, those claims are barred by judicial immunity. Because it is essential for judges to freely administer justice in the court system without fear of personal consequences, they are generally immune from suits for monetary damages.[26] Judges do not lose immunity if they act maliciously, if their actions are "unfair or controversial,"[27] or if their action was in error or in excess of their authority.[28]

A judge may be held liable under 42 U.S.C. § 1983 only if the suit arises from a nonjudicial act or if the judge acted "in the complete absence of all jurisdiction."[29] Thus, District courts engage in a two-part inquiry to determine whether an act is protected

---

[25] *See Azubuko v. Royal*, 443 F.3d 302, 304 (3d Cir. 2006).
[26] *Mireles v. Waco*, 502 U.S. 9, 9 (1991).
[27] *Gallas v. Supreme Ct.*, 211 F.3d 760, 769 (3d Cir. 2000) (internal quotation marks omitted).
[28] *Mireles*, 502 U.S. at 12-13.
[29] *Id.* at 11-12.

under judicial immunity.[30] First, they must look to the nature of the function performed and the expectations of the parties to decide if the act in question is "judicial."[31] Courts will find an act is judicial if the "function [is] normally performed by a judge" and the parties "dealt with the judge in [her] judicial capacity."[32] As such, administrative, legislative or executive acts are not protected by judicial immunity and must be distinguished from truly judicial acts.[33] Second, if the act is "judicial," courts consider if the judge acted "in the clear absence of all jurisdiction."[34]

In her complaint, Lee described Judge Gallina Mecca's actions as "unfair, unjust and prejudicial" and argued that these actions "reap [sic] of collusion" with Lee's soon-to-be ex-husband.[35] While Lee does not dispute that Judge Gallina Mecca acted with jurisdiction, she contends the Judge's acts were nonjudicial because Judge Gallina Mecca allegedly "colluded with the Guardian Ad Litem [assigned to the case] . . . to wrongfully transfer custody of the minor children to their father" and "engaged in improper *ex parte* communications with opposing counsel."[36] But even accepting Lee's allegations as true, judicial acts that appear to be unfair, malicious, or *ex parte* are not stripped of their judicial immunity.[37] We agree with the District Court that Judge Gallina Mecca was, at

---

[30] *Gallas*, 211 F.3d at 768.
[31] *Id.* at 768-69 (citing *Stump v. Sparkman*, 435 U.S 349, 362 (1978).
[32] *Id.* (quoting *Stump*, 435 U.S. at 362).
[33] *Forrester v. White*, 484 U.S. 219, 227 (1988).
[34] *Gallas*, 211 F.3d at 769.
[35] A024; A026.
[36] Appellant Br. at 19.
[37] *See Stump*, 435 U.S at 363, n.12 (holding that a judge was still entitled to judicial immunity despite the alleged lack of formality present in that particular judicial proceeding).

all times, "exercising her unquestioned jurisdiction as a judge of the Superior Court of New Jersey."[38]  Therefore, the District Court properly held that Lee's individual-capacity claims are barred by judicial immunity.

## IV.    CONCLUSION

For the forgoing reasons, we will affirm the District Court's order vacating the entry of default, denying Lee's motion for default judgment, and granting Judge Gallina Mecca's motion to dismiss for failure to state a claim.

---

[38] A013.